In the Matter of the Citation of THEODORE K. HAZARD, Administrator, with the Will Annexed of JABEZ H. HAZARD, Deceased, to Settle the Accounts of JABEZ H. HAZARD, Deceased, as a Trustee Under the Last Will and Testament of ELIZA EAGLE, Deceased.

*Power of a surrogate to compel the administrator of a deceased trustee, appointed by the Supreme Court, to account.*

Upon an appeal from an order of a Surrogate's Court requiring the appellant to account, as the administrator of Jabez H. Hazard, a deceased trustee, it appeared that Jabez H. Hazard had been appointed by an order of the Supreme Court a trustee, under the will of Eliza Eagle, in the place of William Nelson and John M. Nixon; Nixon having died, and the said Nelson having been discharged from the duties of the trust; that the said Jabez H. Hazard, after his appointment had acted as trustee until the time of his death, in 1888, and that, upon the happening of that event, the appellant was duly appointed his administrator by the surrogate of New York city and county, who thereafter made the order appealed from.

*Held,* that the Surrogate's Court had no power to call the administrator of Jabez H. Hazard a trustee who had been appointed by the Supreme Court, to account, and that the order should be reversed, with costs.

That no jurisdiction had been conferred by section 2606 of the Code of Civil Procedure upon the Surrogate's Court to compel an administrator of a trustee appointed by the Supreme Court of this State, to render an account of the trust estate.

Appeal by Theodore K. Hazard from an order of the Surrogate's Court of New York city and county, entered in the office of the clerk of that court on April 19, 1888, requiring him to account as the administrator of a deceased trustee.

*E. H. Benn*, for the appellant.

*Avery T. Brown*, for the respondent.

Van Brunt, P. J.:

William Nelson and John M. Nixon were trustees under the will of Eliza Eagle. Nixon died and Nelson was discharged from the duties of the trust, and Jabez H. Hazard was appointed trustee in his place by an order of the Supreme Court, made in Dutchess

county on March 26, 1870. Hazard gave the bond required by the order and acted as trustee until the time of his death, in 1888, upon the happening of which event the appellant was duly appointed his administrator, and the surrogate of this county made an order by which he assumed to appoint Albert W. Seaman, the respondent in this proceeding, trustee under Eliza Eagle's will. The Surrogate's Court subsequently made an order, at his instance, requiring the appellant, as administrator, to file an account of the proceedings of Jabez H. Hazard, deceased, as trustee under Eliza Eagle's will. It is from this order that the present appeal is taken.

The grounds which the appellant urges upon this appeal seem to be two : 1st. That the surrogate acted without jurisdiction in the appointment of the respondent as trustee. 2d. That Hazard having been appointed trustee by the Supreme Court, the surrogate had no power to call his administrator to account for his proceedings as trustee.

It is true that the pendancy of an action for an accounting in the Supreme Court is also urged, but this plea cannot prevail, as it seems that the action in the Supreme Court was begun subsequently to the initiation of the proceeding before the surrogate.

Neither is it necessary to consider the first objection, in view of the conclusion at which we have arrived, in respect to the power of the surrogate to call the administrator of a deceased trustee who has been appointed by the Supreme Court to account for the proceedings of such deceased trustee. Such power the respondent appears to claim is conferred by sections 2472 and 2606 of the Code. Subdivision 3 of section 2472 of the Code provides that each surrogate must hold within his county a court which has jurisdiction, amongst other things : "To direct and control the conduct and settle the accounts of executors, administrators and testamentary trustees, to remove testamentary trustees and to appoint a successor in place of a testamentary trustee so removed," and because the expression "testamentary trustee" has been defined by subdivision 6 of section 2514 of the Code to include every person * * * who is designated by a will or any competent authority to execute a trust under a will, it is claimed that the provisions of subdivision 3 of section 2472 apply to the case of a trustee who has been appointed by the Supreme Court.

The Supreme Court certainly has the power to direct and control the conduct of trustees appointed by it, and if the Surrogate's Court has acquired the jurisdiction now claimed for it, we have two separate and distinct tribunals who are authorized to direct and control the conduct in the administration of his trust of the same trustee, a condition of affairs which never could have been intended by this Code. Such a construction would lead to endless confusion, and trustees could never know upon which authority to rely. That such was not the intention of the Code is evidenced by the provisions of section 2606, which provides that where a testamentary trustee dies the Surrogate's Court has the same jurisdiction upon the petition of his successor to compel the executor or administrator of the decedent to account, which it would have against the decedent if his letters have been revoked by a surrogate's decree. The section does not say " if his letters or his appoinment has been revoked," as it might very well have done if it was intended to confer the wholesale jurisdiction claimed, but confines the jurisdiction to the case of revocation of letters and says nothing of the case of revocation of appointment irrespective of letters ; evidently referring to those cases where provision is made by the Code for the revocation of letters testamentary by the Surrogate's Court. It is apparent that the codifiers thought that no power was conferred by subdivision 3 of section 2472 upon the Surrogate's Court to compel the personal representative of a deceased trustee to account, and, therefore, added section 2606 to, in certain cases, confer this jurisdiction, and such jurisdiction so conferred should not be enlarged by judicial legislation, especially as there is no means provided for the cancellation of the bond of a trustee appointed by the Supreme Court. The trustee who, under these circumstances, had accounted in the Surrogate's Court would be left with his bond outstanding and no means of disposing of the same, except by a new proceeding in the Supreme Court.

It could never have been intended that there should be this conflict of authority, and it should be avoided if possible. The respondent urges that by the provisions of section 2606, the Surrogate's Court has the same jurisdiction over the trustee's administrator as it would have over the trustee himself. Whatever jurisdiction may be conferred upon the Surrogate's Court over a trustee

appointed by the Supreme Court by the provisions of subdivision 3 of section 2472, it is not necessary to determine now, but no jurisdiction has been conferred upon the administrator of a trustee so appointed by section.2606, as the administrator of such a trustee is in no wise embraced within the terms or spirit of the language conferring jurisdiction to compel the administrator of a deceased trustee to account.

It is undoubtedly true that the loose and sweeping enactments of the Code relating to the jurisdiction of the Surrogate's Court are susceptible of different constructions, but this is no more true in respect to the provisions as to this jurisdiction than it is of almost every other subject treated therein ; and we must, therefore, find our way, as best we can, to an interpretation which seems to be reasonably consistent with some intelligent intention, and which interpretation will fix, with reasonable certainty and without circuity of action, the rights of all parties interested.

We are of opinion that the Surrogate's Court had no power to call the administrator of Mr. Hazard, the trustee, to account, and that the order should be reversed, with costs, and the proceedings remitted to the Surrogate's Court for further action.

BRADY, J., concurred ; BARTLETT, J., concurred in the result.

Order reversed, with costs and proceedings remitted to Surrogate's Court for further action.