Putnam, J.
The papers presented to us show that the parties-interested in the estate of John Y. L. Pruyn, as legatees, are Anna Parker Pruyn, his widow, John Y. L. Pruyn, Harriet Parker Pruyn and Huybertie L. Pruyn, his children. The two former qualified as executors, said Anna on January 17, 1873, and said John on March 24,1880, the estate, however, having been managed almost exclusively by the said Anna, and no considerable part thereof having been received by her said co-executor.
On or about September 11, 1893, said John Y. L. Pruyn, in a petition presented to the surrogate of Albany county set up the fact that he was a legatee under the will of said deceased, and also an executor, and that one of the legatees, Huybertie was a minor, and asked for an order compelling the said Anna Parker Pruynto render and settle her accounts of her proceedings as executrix of deceased. The surrogate thereupon issued the usual citation requiring the said Anna to show cause why she should not render, such account.
*297 On the return day mentioned in the said citation she appeared and in her answer set up a release under seal executed by said petitioner and Harriet Parker Pruyn on June 15, 1889, after a full settlement and accounting between the parties, and asked that the proceedings be dismissed. Issue being thus joined between the parties the appellant introduced the said release in evidence. Ho other evidence was offered by either of the parties. The release is dated June 15, 1889, and is signed by Anna Parker Pruyn of the first part, John V. L. Pruyn of the second part and Harriet Parker Pruyn of the third part." After giving a history of the facts of the case and stating that the parties had examined the books and accounts relating to said estate from the death of the testator up to July 1, 1887, the paper contained the following clause: “ The said party of the first part does hereby release and discharge the other parties hereto, and each of them, of and from all liability for moneys received or had from said estate by them or either of them. The said party of the second part does hereby release and discharge the party of the first part of and from all liability to him, as executrix of the said will, and the party of the second part does also discharge and release the said party of the first part of and from all liability to him, as the former guardian of his estate.”
“ And the parties of the first and second part hereto, do mutually release each other from all and every claim and liability by reason of any thing relating to the said estate or the doings or proceedings of either of them, as executrix or executor of said will.” * * *
“ But this agreement is and is to be considered as a full settlement of all the accounts of the parties of the first and second part hereto, up to July 1st, 1887, and a ratification and confirmation of the division made that day, and a full and mutual release and acknowledgment of satisfaction between the parties of the first and second part, up to and including the said 1st day of July, 1887.”
The surrogate denied the motion made by appellant to dismiss the proceedings, and directed her to render a full and complete account of all her proceedings as executrix of John V. L. Pruyn, deceased.
We are unable to concur in the conclusion reached by the learned surrogate. The appellant, on the trial before the surrogate, introduced a release under seal, duly executed by the petitioner, which has not been attacked in any way, and which recited an accounting between appellant and petitioner as legatee and executor, and contained a full release and settlement up to July 1st, 1887. The case of Wagner, 52 Hun, 23; 22 St. Rep., 208; affirmed, 119 N. Y., 28; 28 St. Rep., 266, is quite similar, and we think, decisive of the question under consideration. That case holds that such a settlement and release between legatees and executors is valid, and an answer to an application by a party to the release to compel an accounting.
It is true that the release is not binding upon one of the lega *298 tees named in the will of testator, Huybertie L. Pruyn, not a party to it, and who is yet a minor, and if she should ask for an order to compel an accounting by the executrix this paper would be no answer to her application. But she has not applied for such an order; she is not a party to the proceeding, or in any way affected by it. The only parties here are Anna Parker Pruyn and John Y. L. Pruyn, who have already settled with each other as to all their transactions up to July 1st, 1887. Should appellant again account before the surrogate as to matters embraced in the settlement of 1887, in this proceeding the account would only be binding as between the parties to it. (Civil Code § 2742). It would have no more force than the account and release of 1887. The account sought for by respondent in this proceeding would not, as suggested, by respondent, be a final settlement. That could only be brought about by an accounting in which all the legatees were parties. It is true that appellant if compelled to account under the provisions of § 2727 Civil Code, might make an application for a final settlement of her accounts as provided by § 2728, Civil Code. But she would not be compelled to do so.
The parties then having voluntarily accounted with and released each other as to all transactions up to July 1st, 1887, we are of opinion that the appellant cannot again be compelled to account on the application of respondent as to matters for which she has already voluntarily accounted with him. We agree with the contention of respondent that the executors could not by a settlement between themselves release each other from their duty to the estate and to the minor who did not join in such settlement. They could, however, make an accounting as executors and legatees valid between themselves, and the legatee of full age who acquiesced in such settlement.
The fact that a party to such a settlement is an executor as well as a legatee, does not prevent the settlement from being binding on him. In the Wagner case, supra, there were six legatees interested in the estate, of whom, three were executors. The six had an accounting as legatees and executors, and executed a mutual release which was held valid. Afterwards the personal representative of one of the deceased executors made an application to compel an accounting. The learned judge who delivered the opinion of the court of appeals in his opinion remarks: “ Whatever standing the petitioner has, she obtained through the transmission of rights and interests from the deceased legatee, and if this paper represents a genuine transaction, is it conceivable that the deceased would have been heard upon such an application, if made by him ? He was executor, as well as beneficiary, and could he so dissociate himself in the one capacity from himself in the other, as to entitle himself to be heard by the surrogate to complain of fraud, or other causes, to invalidate the settlement ? Evidently that would be absurd.” Matter of Wagner, 119 N. Y., 35; 28 St. Rep., 266.
The above cited authority in effect determines that a legatee, who is also an executor, may make a valid settlement out of court with his co-executor and make a release binding upon the parties who join in the settlement.
*299 We conclude that the account as far as made, and the release executed thereupon, is valid, and that appellant as far as she has accounted to respondent cannot be compelled to again account to him.
It is claimed by respondent, however, that the release was not intended as a final disposition of the whole of the estate. That it has attached to it a schedule of securities aggregating $30,000 which are declared to be held for certain purposes set forth in the will, thus showing that a large part of the estate is still undistributed. Eespondent also states that the will provides that a fund sufficient to produce $2,000 per year be set aside and maintained for a tax and repair fund as long as the widow occupied the family residence.
Why should the appellant be called to account by the respondent as to this fund? In the language of the schedule: “ The following property belonging to the estate of John Y. L. Pruyn, deceased, is set apart as a fund to yield an income for the payment of ordinary taxes, water rates, insurance and repairs of the dwelling house and grounds on the northeasterly side of Elk street, etc. At the end of the schedule is the following sentence: “ The above setting aside of securities done by us and agreed to March 23, 1887.” Signed, Anna Parker Pruyn, executrix, John Y. L. Pruyn, executor.
It appears therefore, by the release and schedule attached, that the respondent himself, in connection with appellant, has set aside $30,000 for the purpose of carrying out the provisions of the will Before the surrogate he does not suggest or claim, nor does he on this appeal, that said property was so set aside improperly; that there was any fraud or mistake in the transaction; that the amount was in excess of the amount required, or any reason why the appellant should render an account to him as to the fund which he in fact so set apart for the purposes of the will.
We think the release, in the absence of other evidence, is an answer to the claim of respondent for an accounting. The petition herein should not be deemed made by John Y. L. Pruyn as an executor. The only parties to this proceeding are Anna Parker Pruyn and himself. If an accounting were had they are the only parties bound by the decree. Hence the respondent in this proceeding is acting only for himself and occupies the position of a legatee. If he desired to act as executor it would have been his duty to apply for a final settlement and have a citation issued to all the parties interested in the estate. As we have seen, this is not such a proceeding.
If before the surrogate there had- been any evidence that since the settlement of 1887 the appellant had received any property, or that the property set aside as aforesaid was in excess of the amount required, or that it was not so set aside in pursuance of the provisions of the will, the surrogate might have required an accounting. But under the papers and proofs in fact before the surrogate, we think the order from which the appeal was taken was improvidently granted.
The appeal papers herein contain a stipulation that the case *300 contains a correct copy of the order and “ the papers upon which the court below acted, in making such order.” We think, therefore, that we can properly pass upon the questions presented to us by the appellant.
Order reversed, with costs and disbursements.
Mayham, P. J., and Herrick, J., concur.