In the Matter of the Judicial Settlement of the Accounts of the Executrix and Executors, etc., of FREDERICK D. HODGMAN, Deceased.

*Pecuniary legacy — receipt in full, a bar to a claim for interest — interest on a legacy in lieu of dower — appeal from a surrogate's decree — party aggrieved.*

A testator, by his will, gave to his wife, in lieu of dower, "the sum of fifty thousand dollars, which may be invested in bank stock, Fort Edward and Wyoming, Iowa, and in bonds."

*Held,* that the legacy was not specific, and, hence, that the widow was not entitled to the dividends which accrued on the bank stock and bonds mentioned in the will.

The testator's widow, who was executrix of the will, gave her coexecutors the following receipt: "Received from the executors of F. D. Hodgman, deceased, fifty thousand dollars, the amount of the legacy left me by the will of said Hodgman, also received from the same three hundred and fifty-three dollars, my fee as executrix of said estate."

*Held,* that after this admission by the widow that she had received all she was entitled to on account of the legacy, she was not entitled, on the accounting before the surrogate, to be allowed interest on the legacy;

That the legacy being given in lieu of dower and thirds, it would not draw interest until the widow elected to receive it;

That the receipt for fees as executrix, having been given upon a voluntary settlement between the executrix and executors about fifteen years before the accounting and having been acted upon by the parties and the estate having been distributed, it was proper not to allow the executrix any other fees.

That the executrix was not entitled, on her appeal from the surrogate's decree upon the accounting, to a review of such of the surrogate's rulings as affected only the residuary legatees under the will who were parties to the proceeding, and had a right of appeal, but who had not excepted to such rulings or appealed — the executrix not being a party aggrieved by such rulings.

APPEAL by Mary E. Yates (formerly Mary E. Hodgman), as executrix, widow and legatee of Frederick D. Hodgman, deceased, from a decree of the Surrogate's Court of Washington county, made and entered on the 23d day of April, 1892, judicially settling the accounts of the executrix and executors of the said decedent.

The will of Frederick D. Hodgman contained the following provision:

"*Second.* I give and devise to my wife, Mary E. Hodgman, all the property, real and personal, occupied by me as my home and used in connection therewith, situated and being in the village of Fort Edward aforesaid to be hers forever. I also give to my said

wife the sum of fifty thousand dollars, which may be invested in bank stock, Fort Edward and Wyoming, Iowa, and in bonds, and which said devise and legacy given to my said wife as aforesaid, I hereby declare are intended to be and are so given to her in full satisfaction and recompense of and for her dower and thirds which she may or can in anywise claim or demand out of my estate."

The surrogate found, among other facts, the following :

"That the widow of said deceased, viz., Mary E. Hodgman, now Mary E. Yates, and who was also an executrix of said decedent's will, on or about June 22nd, 1875, received from her co-executors the $50,000.00 legacy granted her by the will of said decedent, and $353, her commissions as executrix upon the estate of said deceased and executed a receipt to her said co-executors in words following, to wit :

"'Received from the executors of F. D. Hodgman, deceased, 'fifty thousand dollars the amount of the legacy left me by the will 'of said Hodgman, also received from the same three hundred and 'fifty-three dollars, my fee as executrix of said estate.

"'MRS. MARY E. HODGMAN.'

and the same was paid to her by her said co-executors and she received the same at the time, and gave said receipt therefor as full satisfaction for what she was entitled to receive under said legacy provision granted her by the will of said decedent and in full satisfaction of her proportionate share of the commissions allowable to be paid out of said estate and that such satisfaction of such legacy and her share of said commissions remained apparently satisfactory and at least unquestioned down to and until the commencement of the proceedings for this accounting in the year 1889."

*Charles S. Foote*, for the executrix, appellant.

*Edgar Hull* and *Young & Kellogg* and *Charles H. Sturges*, for the executors, respondents.

PUTNAM, J. :

It does not require an argument or citation of authorities to show that the legacy of $50,000 bequeathed to the appellant in the will of Frederick D. Hodgman, deceased, was not specific, and hence

that she was not entitled to the dividends which accrued on the bank stock or bonds mentioned in the will.

Nor do we think appellant entitled to be allowed on the accounting for interest on said legacy. *First.* The receipt shows that she received the $50,000 in full. This paper is an admission that said sum without interest was what she was entitled to. It shows that she and her co-executors settled on that amount as due her. After having so voluntarily received $50,000 as " *the amount of the legacy left me by the will of said Hodgman,*" she cannot recover interest. *Second.* On the evidence and facts of the case the surrogate was authorized to find that the legacy of $50,000 to appellant, being given in lieu of dower and thirds, were paid to her as soon as she elected to receive it. Until such election it would not draw interest.

We are also of the opinion that the surrogate did not err in not allowing the appellant fees other than had already been paid her. Her receipt was as follows : "*Also received from the same* $353, *my fee as Executrix of said estate.*" The parties, as the surrogate finds, seem to have intended to settle their accounts as executors between themselves, and pursuant to the arrangement appellant gave the receipt for $353, her fees as executrix. This voluntary settlement of the amount of appellant's fees, made about fifteen years before the accounting and during the lifetime of Hitchcock, we think, should not be disturbed. The parties having acted upon it and distributed the estate, the surrogate was right in refusing to reopen the matter.

The two lapsed legacies clearly went to the residuary legatees. (*Riker* v. *Cornwell,* 113 N. Y. 115 ; *Matter of Crossman,* Id. 509, 510 ; *Matter of Bonnet,* Id. 524.) Therefore, the appellant was not entitled to any interest therein as widow, and was not injured personally by the direction in the decree in reference thereto.

We conclude that the surrogate in his decree has not erred in any way affecting the interests of appellant. If any error has been committed in the conclusions and rulings of the surrogate other than above considered they are such only as affect the residuary legatees under the will in question, who were parties to the proceedings; with the right of appeal, but who have not taken any exceptions to the rulings of the surrogate or any appeal from his decree. We think the executrix and appellant, having brought the residuary legatees

before the surrogate and made them parties to the accounting, on the entry of the decree of the surrogate, has no interest in the decree as far as it settles, determines or affects the rights of the legatees who were parties to the proceeding, and who might except or appeal. If they made no complaint of the rulings of the surrogate or of his decree it is not for the executrix to do so. (*Bates* v. *Ryberg,* 40 Cal. 463 ; *Estate of Stephen A. Wright,* 49 id. 550 ; *Reid* v. *Vanderheyden,* 5 Cow. 719 ; *Salmon, Trustee of Boon,* v. *Pierson,* 8 Md. 297 ; *Stewart, as Trustee,* v. *Codd,* 58 id. 86 ; *Hyatt* v. *Dusenbury,* 106 N. Y. 663 ; *Bryant* v. *Thompson,* 128 id. 426.)

The appellant, on the accounting before the surrogate, did not represent the legatees. After she had brought them into court their interests and hers conflicted, as in case of a plaintiff and defendants. Nor does she represent them on the appeal.

We do not, therefore, feel called upon to examine and discuss the very many other rulings of the surrogate to which exceptions are taken by the appellant, because such rulings only affect the residuary legatees, and are, therefore, of no concern to the appellant, and the residuary legatees make no objection. The executrix is not aggrieved by such ruling. (Civil Code, § 2528.)

The decree provides that $2,932.26 in the hands of Alfred C. Hodgman and $500 in the hands of appellant be paid to respondent Wing. As neither Alfred C. Hodgman or either of the residuary legatees complain of this direction as to the said $2,932.26 appellant has no cause to complain. The $500 in the hands of appellant being the lapsed legacy which, as we have seen, should go to the residuary legatees, and which appellant holds for them as trustee, said legatees not objecting to the direction of the surrogate requiring said sum to be paid to respondent, appellant has no cause to complain of such order and disposition of the fund.

Under all the circumstances of the case, we have doubts as to the correctness of the conclusion of the surrogate that there was a balance due Wing as executor from the estate of Frederick D. Hodgman, deceased, of the sum of $13,456.40, and were there any appeal in behalf of the legatees, we would consider this matter, but as the only persons affected by the error of the surrogate, if any was committed, acquiesce in his conclusions, we are not called upon to discuss this question.

We are of opinion that the surrogate should have allowed the appellant the amount paid by her to her attorney for services of the accounting. The bill seems reasonable; she was compelled to employ counsel, and she has in her hands, as we have seen, $500 of the assets of the estate. The decree should be modified by allowing appellant the amount paid her attorney, $350, and providing that the balance in her hands, $150, be paid to the respondent, instead of $500, and, as so modified, affirmed, without costs to either party.

MAYHAM, P. J., and HERRICK, J., concurred.

Decision modified and, as modified, affirmed, without costs.