MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.

---

In the Matter of the Estate of FREDERICK D. HODGMAN, Deceased. ASAHEL R. WING, as Executor, etc., of PHILANDER C. HITCHCOCK, Deceased, who was one of the Executors, etc., of FREDERICK D. HODGMAN, Deceased, and Another, as Executor, etc., of FREDERICK D. HODGMAN, Deceased, Respondents.

CHARLES L. HODGMAN and Others, Appellants.

*Surrogate's power to open a decree under Code of Civil Procedure, § 2481, subd. 6 — affirmance of a decree on appeal — effect thereof on the rights of persons interested, not appealing.*

A surrogate is empowered by subdivision 6 of section 2481 of the Code of Civil Procedure to open a decree settling the accounts of an executor or administrator "for fraud, newly discovered evidence, clerical error or other sufficient cause," and under settled rules of interpretation the words "or other sufficient cause," must be interpreted to mean a cause of like nature to those specifically mentioned.

Matters in the nature of a fraud, which have misled or prejudiced parties interested in the estate, although not actually constituting fraud in law, may afford sufficient ground to authorize a surrogate, or the Supreme Court in reviewing the action of the surrogate, to act under such section.

An appeal from a decree can only bind those persons who are parties to the appeal, and if before an appeal is taken certain parties not taking the appeal have the right to have the decree appealed from, settling the accounts of an executor, opened, the fact that the decree had been affirmed upon such appeal does not affect their rights to have the decree opened.

A surrogate has the power of a court of general jurisdiction to vacate his decree under subdivision 6 of section 2481 of the Code of Civil Procedure, and relief may be granted, as in the Supreme Court, upon the application of any one, for sufficient reason, in furtherance of justice.

APPEAL by the petitioners, Charles L. Hodgman and others, from an order of the Surrogate's Court of Washington county, entered in the Surrogate's Court of Washington county on the 11th day of May, 1894, as of the 30th day of April, 1894, granting the respondents' motion to dismiss the order to show cause why the decree

entered in said office on the 23d day of April, 1892, settling the accounts of Asahel R. Wing, as executor of Philander C. Hitchcock, deceased, who was one of the executors, etc., of Frederick D. Hodgman, deceased, and another, as executor, etc., of Frederick D. Hodgman, deceased, should not be opened, vacated and set aside, and dismissing the petitions of the appellants and all proceedings thereunder.

*Charles S. Foote*, for the petitioners, appellants.

*Edgar Hull* and *C. H. Sturgess*, for Wing, executor, respondent.

*Young & Kellogg* and *C. H. Sturgess*, for Alfred C. Hodgman, respondent.

HERRICK, J.:

This is an appeal from an order entered in the Surrogate's Court of Washington county, dismissing the petition of Charles L. Hodgman and fourteen others, to open, vacate and set aside the decree entered in the above-entitled proceedings, and to open the defaults of each of said petitioners in such proceedings, and that the petitioners be permitted to file objections to the accounts therein.

The decree that it is asked to open has already been before this court upon an appeal by Mary E. Hodgman, as executrix, and as the widow and legatee of the decedent. (69 Hun, 484; 140 N. Y. 421.)

The Court of Appeals expressed its views very strongly as to the condition in which the accounts appeared, and as to the condition of the estate ; but inasmuch as the matters therein referred to did not affect the then appellant, neither the General Term nor the Court of Appeals felt it to be within their power to review the proceedings any further than they affected the interests of the appellant.

The other legatees, heirs and next of kin not having appealed, and thereby having apparently consented to the settlement of accounts and the entry of the decree, the court was powerless to do anything more than to give a brief expression of its views of the matter as it then appeared.

The petition sets forth that the petitioners are next of kin, heirs and residuary legatees of and under the last will and testament of Frederick D. Hodgman.

It is alleged that as to some of them they were not present at the accounting, and were not represented by counsel thereat, because

some of them were advised that such representation was unnecessary, and that the surrogate would protect their interests; as to others they allege in their petition that they had been informed by one of the executors, or by the representative of one of the executors, that the estate was settled, and that the amount theretofore paid to each of them constituted all that was or would be due to them, and for that reason, in addition to supposing that their interests, if they had any, would be protected by the court, they had not appeared, and had no one to represent them.

That as to four of them, an appearance was entered on their behalf, but that the person who made such appearance was not present at the latter hearings in the proceedings, and was not present at the settlement or alleged settlement of the accounts. They further allege that no copy of the decree entered was ever served upon them.

Several other petitioners, who it is claimed on the accounting had assigned all their interests in the estate, allege in their petition that they never knew until about two weeks before the filing of their petition herein that it was claimed at said accounting that they had assigned their interest in the estate, and assert that such instruments, purporting to be assignments, were procured from them by misrepresentation, and that they supposed that they were merely signing receipts for money actually received by them, and not signing assignments of their rights and interests in the estate.

Two of the petitioners assert that they could not read or write, and did not know what they were signing, except as it was represented to them. Various charges and allegations are made by different ones of the petitioners as to the manner in which their signatures were obtained to papers that it is now alleged by the executors of the estate were assignments of their respective interests therein.

One of the petitioners, who files a separate petition, alleges that it was only within the last few weeks before the filing of the petition that she was informed of the contents of the decree, and that the same decree awarded a distribution of the said estate to the estate of Philander C. Hitchcock, as executor, and away from the residuary legatees, heirs and next of kin of Frederick D. Hodgman; and that she was only then informed that the attorney who represented her filed no objections to the accounts of the executors, or either of

them. And she alleges, as to the paper purporting to be an assignment executed by her of all her interest in the estate, that her signature thereto was obtained by misrepresentation, and that she supposed it to be merely a receipt for the amount of money actually received by her, and not an assignment of all her interest in such estate.

The petitioners accompany their petition with a list of objections that they propose to file against the accounts of the executors in the event of their petition being granted.

The motion is made under subdivision 6 of section 2481 of the Code of Civil Procedure. That empowers a surrogate in or out of court "To open, vacate, modify or set aside, or to enter as of a former time, a decree or order of his court; or to grant a new trial, or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers. Upon an appeal from a determination of the surrogate, made upon an application pursuant to this subdivision, the General Term of the Supreme Court has the same power as the surrogate, and his determination must be reviewed as if an original application was made to that term."

It will be seen by the petitions that a number of the petitioners assert that they did not attend the proceedings upon the accounting, for the reason that they were assured that their appearance was unnecessary, that the estate was settled, and that the amount they had already received was all that was due them.

That as to others, the attorneys who represented them did not attend upon the final hearings and filed no objections to the executors' accounts. They also assert that they did not know of the entry of the decree until a comparatively short time before the filing of their petition.

It will be observed that the Code empowers the surrogate to open a decree "For fraud, newly discovered evidence, clerical error, or other sufficient cause."

Under settled rules of interpretation, the words "or other sufficient cause" must be interpreted to mean cause of like nature to those specifically mentioned. (*Matter of Tilden*, 98 N. Y. 434.)

Matters then in the nature of a fraud, although not actually, perhaps, constituting a fraud in law, or which would be the basis of an action for fraud, yet matters of that character which have misled the petitioners, and by which they have been prejudiced, may be sufficient ground to authorize the surrogate, or this court in reviewing the action of the surrogate, to act under this section.

The learned judge who wrote the opinion in the Court of Appeals in the matter of this estate, in determining that many of the objections raised to the decree did not affect the appellant, and, therefore, could not be passed upon in that appeal, used the following language : " If I could see in the result the faintest trace of danger to her I should be likely to advise a reversal of this decree as manifestly wrong in many important respects. In that event we should seek to ascertain how an estate of about $128,000, and which owed at its owner's death, so far as I can see, not to exceed fifteen or twenty thousand dollars, has, after paying not more than eighty thousand dollars of legacies, become totally bankrupt and indebted to one of the executors for about ten thousand dollars, which there are no assets to pay. We should inquire, also, why Hitchcock, after having being once credited with the Cobb trust fund of ten thousand dollars, as delivered by him to one or more of his associates, and which was paid to the legatees by Mrs. Yates, and for which her account is credited, is a second time credited with that sum and permitted to swell his account to that extent against the estate. We should seek to know on what principle payments made to the residuary legatees were credited to the executors, when the result reached shows that no residue remained. And we should consider whether a confused mass of items, made up in total disregard of the rules for stating such accounts, should be allowed to serve as the basis for deliberate judicial action."

A decree which calls for such vigorous language from the court of last resort should not, in my judgment, be permitted to stand without further investigation, unless there is some decisive rule of the court to prevent it.

This statement of the Court of Appeals, coupled with the allegations of the petitioners, seems to me sufficiently sets forth " sufficient cause," in the nature of a fraud, why the decree as to these petitioners should be opened and vacated, unless, as I have stated, there

is some insuperable bar to such action.  To establish such insuper-
able bar we are referred by the respondents to the cases of *Reed* v.
*Reed* (52 N. Y. 651) and *Sheridan* v. *Andrews* (80 id. 648), and
other cases of like nature, holding that where a judgment or decree
has been affirmed upon appeal, it is too late to apply to the Surro-
gate's Court, or other court of original jurisdiction, to have such
judgment or decree opened or vacated.  That by a judgment of
affirmance upon appeal, the power to reopen or vacate such judg-
ment or decree is taken from the Surrogate's Court or other court
of original jurisdiction.

It is the appeal then, and the action of the appellate court upon
it, that deprives the petitioners of the rights that they would other-
wise have; but it seems to me that the appeal from the original
judgment can only bind those who are parties to it.  Before the
appeal was taken they had the right to make this application, and
the surrogate had power to grant it, and in my opinion this right,
like any other right, is one that a party cannot be deprived of unless
he has had his day in court.

The petitioners did not have their day in court upon the appeal.
It appears that the very questions that they now seek to raise by
their petitions and by the proposed objections filed as part of the
petitions could not be, and were not, passed upon by the General
Term and the Court of Appeals, for the simple reason that the
heirs and residuary legatees were not parties to the appeal; and it
seems to me that the petitioners have shown good and sufficient rea-
sons why they were not parties to such appeal, that is, they were
not aware of the decree, and some of them at least had not
appeared in the Surrogate's Court, because they were informed by
the executors of the estate, or those representing them, that there
was no necessity for their appearing, and they were misled in
believing that there was nothing due from the estate, that it was
practically settled.

The other objection that is raised, that the surrogate has not
power to set aside the legatees' assignments as fraudulent, is not to
be passed upon here.  The instruments are not before us, and we
cannot determine whether in truth and fact they are assignments or
only receipts for the payment of money; if receipts they are always
explainable by parol.

In addition to that, some of the petitioners it appears have not signed any such paper, whether the same be a receipt or an assignment.

It sufficiently appears, I think, from the proceedings already had in this court in the matter of this estate, that this decree ought not to stand. The question as to whether the petitioners, or any of them, have by their own acts placed themselves in such a position as will not entitle them to any portion of the residuary estate, can be determined upon a full hearing before the surrogate. If they possess rights which the surrogate has not power to adjudicate upon, after that fact is determined it will be time enough for them to resort elsewhere.

A decree which stands under the condemnation of the court of last resort, and that has only been permitted to remain in force as a decree, because no one who was injured by its errors made objection to it, now, that such injured parties do appear and ask to be heard, and give reasons why they have not heretofore made their objections, the court will not, under the circumstances, be curious to find reasons or cases to permit it to remain longer in force and deprive the petitioners of the opportunity of asserting their claims.

" The surrogate has the power of a court of general jurisdiction to vacate his decree (§ 2481, subd. 6), and relief may be granted, as in the Supreme Court, ' upon the application of any one for sufficient reason in furtherance of justice.' " (*Matter of Flynn*, 136 N. Y. 287–291.)

And it seems to me that it is manifestly " in furtherance of justice " to open a decree that is open to the objections and criticisms made to this one when it was examined by the Court of Appeals.

The order appealed from is reversed, the decree opened and vacated, and the petitioners permitted to file objections to the accounts as prayed for, with ten dollars costs and printing and other disbursements of this appeal, to be paid by the respondents.

MAYHAM, P. J., and PUTNAM, J., concurred.

Order reversed, decree opened and vacated, and petitioners permitted to file objections to the account, with ten dollars costs and printing and other disbursements, to be paid by the respondents personally.