In the Matter of the Estate of FREDERICK D. HODGMAN, Deceased. CHARLES L. HODGMAN and Others, Appellants; A. R. WING, Executor, etc., of FREDERICK D. HODGMAN, Deceased, Respondent.

*Surrogate's Court — right of one not a party to file a supplemental account — amending an account — when receipts from real estate should not be in executors, accounts — commission properly denied because of* laches *— no review of facts on a case not containing all the evidence — when a receipt, not sealed, is an accord and satisfaction — it cannot be set aside by a surrogate — who is a "party aggrieved."*

It is discretionary with the surrogate whether he shall permit a person not a party to a proceeding in his court to file an account supplemental to another account filed by her in a different proceeding.

A surrogate has power, under section 2472, subdivision 3, and section 2481, subdivisions 6, 11, to permit a party accounting to file an amended account.

Where executors have no power to sell lands, their relation to the lands being merely that of agents for the owners, receipts derived by them from the lands do not properly enter into their accounts as such executors.

Where an application for a commission to examine numerous witnesses in different States is made after the trial has proceeded for a considerable period, and when the term of office of the surrogate is about to expire, it is discretionary with the surrogate whether he shall grant or deny the application.

Where a case upon appeal contains a certificate which clearly shows that a part of the evidence does not appear in the case, the appellate court is not in a position to review the decree upon the merits.

Where residuary legatees have executed receipts, though not under seal, reciting certain payments in consideration of which the executors are discharged from all claims and demands against their estate, and where such a settlement of the estate has been acquiesced in for some fifteen years, such receipts will be deemed to be releases and to constitute an accord and satisfaction of the claims of the persons who executed them, and a bar to any further claim against the estate.

*Semble,* that it is not within the power of a surrogate to set aside a release under seal, nor to set aside an instrument which amounts, in law and upon the facts, to a release under seal.

The next of kin of a legatee cannot maintain an action or prosecute a claim for the share of an estate to which such legatee was entitled.

Where a surrogate, while holding that petitioners to his court have no interest in an estate, does not dismiss the proceeding, but takes and states an account of the executors, and determines, among other things, that the petitioners in the proceeding have been paid in full, the petitioners, having no interest in the estate, are not "parties aggrieved" within the meaning of section 2568 of the Code of Civil Procedure, and the question whether the surrogate erred in settling the accounts of the executors, or in his rulings upon the trial, cannot be considered upon an appeal taken by such petitioners.

APPEAL by Charles L. Hodgman and others, claiming to be residuary legatees under the last will and testament of Frederick D. Hodgman, deceased, from a decree of the Surrogate's Court of the county of Washington, entered in said Surrogate's Court on the 30th day of December, 1895, in a proceeding for an accounting of the executors of the last will and testament of Frederick D. Hodgman, deceased, and also from an order entered in said Surrogate's Court on the 21st day of November, 1895, denying an application made by the appellants for a commission to take the testimony of certain foreign witnesses.

The testator died on the 7th day of December, 1873, leaving a will, which, on the 13th day of February, 1874, was duly admitted to probate, and on the same day letters testamentary were issued to Philander C. Hitchcock, James Cheesman, Alfred C. Hodgman and Mary E. Hodgman (now Yates), the executors named in said will. The said executors Cheesman and Hitchcock subsequently and prior to the accounting hereinafter mentioned died — the latter on the 27th day of August, 1888, leaving a last will and testament, in which the respondent Asahal R. Wing was named as executor.

The surrogate found " that in the years 1879, '80 and '81, the executors of said Frederick D. Hodgman, deceased, settled with the residuary legatees out of court, taking receipts in full of all claims, present and future, against said estate — in the nature of accords and satisfactions from 15 of said residuary legatees, and deeds or transfers of the interests of four other of said residuary legatees, and the said Alfred C. Hodgman was the sole remaining residuary legatee ; said papers in two or three instances, however, reserved the rights of the signer to a particular piece of real estate. The consideration for said papers amounted in all to the sum of $7,100.

" That the value or amount of said estate at the time of said settlement was uncertain, and could not then be definitely ascertained.

" Each of the petitioners or the residuary legatees, from whom said petitioners received their title or interest, executed one of said receipts or accords and satisfactions, or said deeds and transfers.

" All of the petitioners herein except Charles L. Hodgman, Ida Hodgman and George W Hodgman, or the residuary legatees from whom said petitioners received their title or interest, also executed assignments or transfers of all their right, title and interest in said

estate about the year 1889, which assignments were produced upon hearings herein."

The principal part of the estate came into the hands of Philander C. Hitchcock. In the year 1889, after his death, proceedings were taken by Alfred C. Hodgman to compel an accounting by the personal representatives of the two deceased executors and the surviving executrix, Mary E. Yates, and an accounting was accordingly had. In the said proceeding all residuary legatees and other persons interested in the estate were made parties, and a decree was entered on the 23d day of April, 1892. From that decree the surviving executrix, Mary E. Yates, appealed, and it, with a slight modification, was affirmed by the late General Term. (69 Hun, 484.) The judgment of the General Term was affirmed by the Court of Appeals. (140 N. Y. 421.) In the decree so affirmed the surrogate found a large balance due from the estate to the executors on account of over-payments made by them. The finding of the surrogate in this regard was criticised by the General Term and the Court of Appeals, but it was held in each of those courts that no error was shown to the injury of the appellant Yates.

In April, 1894, a petition was presented to the surrogate of Washington county, by Charles L. Hodgman and fourteen others, as residuary legatees under the will of Frederick D. Hodgman, deceased, for an order opening and vacating the said decree, and asking that said petitioners might be allowed to file objections to the account of said executors, and for other relief. The motion was denied by the surrogate, but his decision was afterwards reversed by the General Term. (82 Hun, 419.) An accounting was had before the said surrogate and the decree entered from which this appeal is taken.

*Charles S. Foote*, for the appellants.

*Edgar Hull* and *C. H. Sturges*, for the respondent.

PUTNAM, J :

We think that the surrogate did not err in holding that Mary E. Yates was not a party to the proceeding then pending before him, and in refusing her application to file a supplemental account. She was not one of the petitioners, nor was she named in the petition.

The prayer of the petition was that the respondent Wing, as executor of Philander C. Hitchcock, a deceased executor, and Alfred C. Hodgman, as executor of said Frederick D. Hodgman, deceased, show cause why the decree should not be opened, and why the petitioners' default in filing objections to the account filed in behalf of said executors Hitchcock and Hodgman, should not be opened. The order of the General Term stated that, after hearing counsel for petitioners and also counsel for Asahal R. Wing, as executor as aforesaid, and Alfred C. Hodgman, as executor, " that the decree of the said Surrogate's Court herein entered April 23, 1892, * * * be and the same hereby is opened and vacated, and the said petitioners permitted to file objections to the accounts of the said executors as prayed for." No application was made to disturb the former decision as far as it affected Mary E. Yates. She was neither a petitioner, nor was the order to show cause directed to her; hence, she was not a party to the proceeding. The surrogate in his discretion possibly might have allowed her to file a supplemental account, but we cannot say that in refusing to do so, under the circumstances, he committed an error.

We also are of the opinion that it was within the power of the surrogate to allow the respondent to file an amended account. (Code Civ. Proc. § 2472, subd. 3; § 2481, subds. 6, 11.)

On the application of the petitioners the former decree had been opened and vacated, and, hence, as between them and the respondents, the situation on this accounting was the same as it would have been if no proceedings had been taken since the filing of the original account. The judgment of the General Term and the Court of Appeals did not settle any issues between the parties; it merely vacated the former decree and the proceedings subsequent to the filing of the original petition and account, and gave the petitioners the same right to appear and file objections which they would have had at that time. The surrogate then had the same power to allow an amendment to the account that he would have had before the first decree was entered. There was no estoppel by reason of the former decree or former proceeding. That decree, as between the respondents and appellants, was " wiped out " on the application of the latter.

We also think that the amendment, as far as it excluded from the

account the proceeds of real estate received and disbursed by the executors, was properly allowed. The will did not provide for the conversion of the real estate into personal property, and gave the executors no power to sell lands ; they had nothing to do with the real estate. What they did in reference to the real estate was done as agents of the owners, and not as executors. Hence, the surrogate had no power whatever to pass on the transactions between the parties on account of the proceeds of the real estate received by the executors. The receipts and disbursements of the executors in that regard formed no part of their accounts, and were properly omitted therefrom.

The surrogate did not err in denying the motion of the appellants for a commission, in consequence of the delay of the petitioners in making the application. The motion was made after the trial before the surrogate had proceeded for a considerable period ; after a large amount of testimony had been taken, and was to obtain the testimony of a large number of witnesses in different States. At the time the motion was made the term of office of the surrogate before whom the proceeding was had was about to expire, and if the commission should issue, it was doubtful if the proceeding could be terminated before him. Under the circumstances, it was a matter of discretion with the surrogate to grant or deny the application.

It is claimed by the appellants that the surrogate in the decree from which this appeal is taken committed grave errors in failing to charge the accountants with assets of the estate with which they were justly chargeable, and in crediting them with payments and disbursements which were not proved by any legal testimony, and in other regards. It is difficult for us to review the decree upon the merits in the absence of any certificate that the case contains all the evidence. Instead of any such certificate the surrogate returns " That said case contains all the evidence and proceedings had herein material to the questions involved on the appeal herein, except so much as has been excluded from contestants' proposed case by direction of the ex-surrogate on the settlement thereof and of the proposed amendments." It would seem, therefore, that material evidence not embraced in the case was given on the trial. What the evidence was, or what bearing it had upon the question submitted, of course, we are unable to determine.

For reasons hereafter suggested, however, it will not be necessary for us to pass upon the question as to whether or not the conclusion reached by the surrogate in settling the accounts of the respondents was correct, or to consider the questions raised by the many exceptions to the rulings of the surrogate taken by the appellants upon the trial.

It was shown that each of the petitioners, or those from whom they derived an interest in the residuary estate, in 1880, 1881 or prior thereto, settled with the respondents for their share of the estate, executing a receipt in full or an assignment of their interest therein. All of them executed a receipt in full except Lucy M. Keith and Susanna Williams, from the latter of whom the petitioners Frederick H. Edgerly, William F. Hall and Carrie Carrigan claim to inherit an interest as her children and next of kin. The said Keith and Susanna Williams executed assignments of their interest in the estate to the executor Hodgman, the former on March 20, 1877, and the latter on the 18th day of October, 1875.

At the time of the execution of the above-mentioned releases and assignments, as the surrogate found on sufficient evidence, the estate was unsettled; the value and amount thereof was uncertain and could not be determined.

Hence, when this proceeding was initiated in 1894 a settlement of the estate out of court had been made between the executors Hitchcock and Hodgman and the residuary legatees, which had existed for from thirteen to fifteen years, and which, during all those years and until after the death of Hitchcock, had been acquiesced in by all the parties interested in the estate. The settlements so made by the said parties were evidenced by receipts like the following:

"Received from P. C. Hitchcock, one of the executors of F. D. Hodgman, decd., five hundred dollars in full of any or all claims I have or may hereafter have upon said executors by virtue of the will of said F. D. Hodgman, except the claim I have or may hereafter have on a farm in the State of Michigan on which my father now resides.

"Dec. 31, 1880. IDA H. HODGMAN."

"Recd. January, 1881, from the Executors of F. D. Hodgman, dec'd, four hundred dollars in full of any or all claims I have or

may hereafter have upon said executors by virtue of the Will of said F. D. Hodgman, except the claim I have or may hereafter have on a farm in the State of Michigan on which my father now resides.                                        "HARRIET EAGAN.

                                            "JAMES EAGAN."

"FORT EDWARD, N. Y., *April* 21, 1880.

"Received of the executors of F. D. Hodgman, dec'd, Four hundred dollars in full settlement of any claim or claims I have or may have against said estate.

                          "CLIFTON H. HODGMAN."

Each executed a similar release, except, as above stated, Lucy M. Keith and Susanna Williams, who gave assignments of their interest in the estate. At the time these proceedings were commenced those assignments had existed and remained unassailed for about fifteen years. We think that, under all the circumstances under the evidence, and considering the great lapse of time, it should be held that the transaction evidenced by said receipts and assignments was a settlement — an accord and satisfaction of the claim of those executing said paper against the estate.

Hence we are of opinion that the conclusion reached by the surrogate, "that the petitioners herein have not, and neither of them has, any interest in the estate of Frederick D. Hodgman, deceased," is correct.

But it was also shown on the trial that of the petitioners all but four executed an assignment of their interest in the estate to Mrs. A. R. Wing in the year 1889. One of the petitioners, Eveline Williams, signed the petition, claiming an interest in the estate as widow of John Williams, who was residuary legatee, and who had died intestate. But the interest of John Williams at the time in question was assigned to Mrs. A. R. Wing by Eveline L. Williams, as executrix of John Williams, deceased. Each of the said assignments was in the following form :

"For a valuable consideration to me in hand paid by Mrs. A. R. Wing, the receipt whereof is hereby acknowledged, I do hereby sell, assign, transfer and set over unto the said Mrs. A. R. Wing, her heirs and assigns forever, all my right, title and interest of, in and to the property, effects and estate of Frederick D. Hodgman, late of

Fort Edward, deceased, of, in or to any and all monies and property, to which I am now or may be hereafter entitled as devisee or residuary legatee under and by virtue of the last Will and Testament of the said Frederick D. Hodgman.

"Dated CAMBRIDGE, VT., *March 6th,* 1889.

"Witness, T. J. POTTER.        CARRIE A. CARRIGAN."

On each was indorsed an assignment as follows:

"In consideration of the sum of one dollar to me in hand paid, the receipt of which is hereby acknowledged, I hereby sell, assign, transfer and set over unto the residuary legatees of the estate of Philander C. Hitchcock all my right, title and interest of, in and to the within assignment.

"Dated FORT EDWARD, N. Y., *May 3d,* 1889.

"MRS. A. R. WING."

Those several assignments, at the time of the hearing below, were outstanding. It is not claimed that either of the petitioners who were assignors had returned to Mrs. Wing or her assignees the consideration received for the said assignments, and it is quite clear that the several petitioners who executed those papers have no interest whatever in the estate. The said assignments could not be attacked in a proceeding in which Mrs. Wing and her assignees were not parties, even if the surrogate had power to set aside those instruments. It has been held, however, that he possesses no such power. (*Matter of Wagner,* 52 Hun, 23; 119 N. Y. 28.)

The effect of the said several assignments was to transfer to the several residuary legatees of Philander C. Hitchcock such interest in the estate as was formerly owned by the assignors.

There were four of the petitioners who did not, in 1889, execute an assignment of their interest in the estate. Charles L. Hodgman, one of said petitioners, derived his interest in the estate from his father, Clifton H. Hodgman, a residuary legatee named in the will of Frederick D. Hodgman, deceased. Clifton H. Hodgman on April 21, 1880, settled with the executors and executed a receipt, a copy of which is above set out. Ida Hodgman and George W. Hodgman, two other of the said four petitioners who did not assign to Mrs. Wing, executed a similar receipt, the former on December 31, 1880, and the latter in January, 1881. At the time these

receipts were given the estate was unsettled; the amount to which the residuary legatees were entitled was uncertain. The transaction evidenced by the receipts was evidently intended to be a settlement — an accord and satisfaction.

Such receipts, under the circumstances, must be deemed releases, and a bar to any claim against the estate by those executing them. (*Coon* v. *Knap*, 8 N. Y. 402.)

The transaction amounted to an accord and satisfaction. (*Stuber* v. *McEntee*, 47 N. Y. St. Repr. 295.)

If, on the final closing up of the estate, it had appeared that the amount paid to those who executed the receipts was larger than they should have received, the executors could not have recovered the amount overpaid, and hence the settlement should stand. (*Jaffray* v. *Davis*, 124 N. Y. 164.)

These releases had as much force and validity as if they had been under seal; and, being in existence and outstanding, it was not within the power of the surrogate to set them aside. (*Matter of Wagner, supra.*)

Thus all the petitioners executed the assignment in 1889 to Mrs. Wing, or those from whom they derived an interest in the estate executed releases to the executors on or before January, 1881, except Frederick H. Edgerly. It is alleged in the petition that Frederick H. Edgerly, William F. Hall and Carrie Carrigan are children of Susanna Williams, one of the residuary legatees who had died intestate. William F. Hall and Carrie Carrigan joined in the assignment to Mrs. Wing, but Frederick H. Edgerly did not. His mother, Susanna Williams, on October 18, 1875, executed a transfer of her interest in the real and personal property left by the deceased to A. C. Hodgman.

It may be claimed that the principle laid down in *Matter of Randall* (80 Hun, 229) applies as to the one-third interest of Edgerly in the share of the residuary estate to which his mother was entitled under the will of the testator; that the assignment executed by Susanna Williams inured to the benefit of the estate of Frederick D. Hodgman. The state of facts, however, that is shown in this case did not exist in the case cited. The assignment executed by Susanna Williams in 1875 had, when this proceeding was initiated, remained unassailed for nearly twenty years. It was not

made to the executors of Frederick D. Hodgman, but to A. C. Hodgman, who was one of the executors, and also a residuary legatee named in the will of the deceased. The executors had relied upon this assignment and Philander C. Hitchcock had died. Under the circumstances, and considering the great lapse of time since the execution of the instrument in question, we are of opinion that this assignment should not be disturbed or deemed an assignment to the estate of Frederick D. Hodgman. Were it otherwise, however, the petitioner Edgerly did not show any title to the interest in the estate of the testator which went to his mother, Susanna Williams, under the will. The petition was not made by him, his brother and sister, as administrators of Susanna Williams. No state of facts was shown in the petition, or by the evidence given on the trial, that gave such parties any right to join in the petition, or any title to the interest in the estate bequeathed to their mother. As next of kin they could not maintain an action or prosecute a claim for the share of the estate which, under the will, went to their mother. (*Beecher* v. *Crouse*, 19 Wend. 306; *Woodin* v. *Bayley*, 13 id. 453.)

If our conclusions are correct, neither of the petitioners had an interest in the estate of Frederick D. Hodgman. The surrogate, therefore, could properly, and probably should, have dismissed the proceeding instituted by the petitioners. (*Matter of Pruyn*, 76 Hun, 128; 141 N. Y. 544; *Matter of Wagner*, 52 Hun, 23; 119 N. Y. 28.) The surrogate, however, while holding that neither of the petitioners had any interest in the estate, proceeded to state an account, determining the sums the appellants had received and paid out as such, and reaching the conclusion that they had paid out a sum equal to the amount received by them on account of said estate.

Whether or not the surrogate reached a correct conclusion, or in the progress of the trial made erroneous rulings, the appellants, having no interest in the estate, are not concerned. We are, therefore, not called upon to consider whether the surrogate erred in settling the account of the executors or in his rulings upon the trial. If he did err or make rulings which were erroneous, the appellants, not being interested in the estate, are not aggrieved in consequence

thereof. (Code Civ. Proc. § 2568; *Matter of Hodgman*, 69 Hun, 484; 140 N. Y. 421.)

The decree of the surrogate should be affirmed, with costs.

All concurred.

Decree and order of the surrogate affirmed, with costs.