VAN HOUTEN v. PYE et al.

(Supreme Court, Appellate Division, Second Department. December 31, 1897.)

APPELLATE DIVISION—DESCRETIONARY ORDER OF SURROGATE—REVIEW.

    Where an order of the surrogate's court adjudging an executor guilty of contempt has been affirmed by the appellate division, the latter court has no jurisdiction, under Code Civ. Proc. § 2461, to review a subsequent order of the surrogate's court, denying, in the exercise of its discretion, a motion by the executor to vacate and set aside the original order.

Appeal from order of surrogate, Rockland county.

In the matter of Erastus Van Houten, as executor of Edward G. Van Houten. Application of Isaac E. Pye and others, for removal

of executor. The executor appeals from an order of the surrogate. Affirmed.

On the 4th day of January, 1897, a decree was made by the surrogate's court of Rockand county settling and adjusting the accounts of the appellant, as executor. On the 18th day of January, 1897, order was made by the surrogate's court revoking the letters testamentary of the appellant, and directing him to turn over certain assets to his co-executors. On the 3d day of February, 1897, an order was made by the surrogate adjudging the appellant executor to be in contempt for not complying with the directions of the preceding order, and fining him the sum of $3,144.94. Appeals were taken from each of said orders, and the appellate division reversed the decree upon the accounting (46 N. Y. Supp. 190), reversed the order of January 18th so far as it revoked the letters of the executor (45 N. Y. Supp. 836), and affirmed the contempt order (46 N. Y. Supp. 350). After such affirmance the appellant moved before the surrogate, upon the papers in the contempt matter and the determination of the appellate division upon the said appeals, for an order vacating the contempt order. The surrogate denied this application, his written opinion stating that, "if the order is to be modified, * * * I think it should be done by the appellate tribunal which has affirmed it." From the order then made, this appeal was taken.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Garrett Z. Snider, for appellant.
John M. Perry, for respondents.

PER CURIAM. This court can review the discretionary power of the surrogate's court so far only as authorized by statute. The provisions of section 2481 of the Code of Civil Procedure do not provide for a review by this court of the order of the surrogate in such a case as the present. In re Tilden, 98 N. Y. 434; In re Hawley, 100 N. Y. 206, 3 N. E. 68; Matter of Hodgman's Estate, 82 Hun, 419, 31 N. Y. Supp. 263. The power is wholly with the surrogate's court. There does not appear to have been any abuse of discretion by the surrogate's court in the denial of the motion, and a review of his order is not provided for by the statute.

The order should be affirmed.