■ In the Matter of SECURITY NORSTAR BANK, as Successor Trustee of a Trust under the Will of JAMES W. WADSWORTH, Deceased, Appellant. ALICE W. STRONG, Respondent.—Order insofar as appealed from unanimously reversed on the law without costs and objections First A-D and Fifth stricken, in accordance with the following memorandum: Security Norstar Bank asserts that Surrogate's Court erred in failing to strike objections by Alice Wadsworth Strong to its final accounting as trustee of a trust created by the will of James W. Wadsworth. We agree.

In his will, James W. Wadsworth granted life use of the real property in this trust to his son, James J. Wadsworth. Further, James J. Wadsworth was granted a limited testamentary power of appointment to convey these properties to his spouse, his descendants or spouses of his descendants. If this power of appointment was not exercised, the will provided that the properties would be distributed to James J. Wadsworth's issue per stirpes. Alice W. Strong is the sole issue of James J. Wadsworth.

The contested objections arise from the 1981 exchange of real property in the trust for other properties owned by James J. Wadsworth. James J. Wadsworth in his will exercised his limited power of appointment by conveying the properties received by the trust in this exchange to his spouse, Mary A. Wadsworth. Since these properties were properly conveyed to Mary A. Wadsworth, Alice W. Strong has no standing to object to this transaction because she has no interest in these properties. *(Matter of Lawrence,* 271 App Div 897; *Matter of Hodgman,* 11 App Div 344, *affd* 161 NY 627.) (Appeal from order of Livingston County Surrogate's Court, Smith, S.—accounting.) Present—Doerr, J. P., Green, Pine, Balio and Lawton, JJ.