(74 App. Div. 221.)

In re WICKE et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. SURROGATE'S DECREE—REVIEW ON APPEAL.

Under Code Civ. Proc. § 2481, subd. 6, giving the surrogate power "to open, vacate, modify, or set aside a decree or order of his court," and providing. that upon an appeal therefrom "the general term of the supreme court had the same power as the surrogate, and his determination must be reviewed as if an original application was made to that term," the questions presented upon such motions on appeal are to be considered as if brought before the appellate court in the first instance.

2. ACCOUNTS OF EXECUTORS—LACHES.

Where heirs petitioned to vacate a decree settling the accounts of the executors within a little over a month from the date of its entry, they cannot be charged with laches.

8. SAME—FAILURE TO FILE VOUCHERS—EFFECT.

Under Code Civ. Proc. § 2729, requiring an executor on an accounting to produce and file a voucher for every payment except for items under $20, not exceeding in the aggregate $500, unless no voucher was taken, or has been lost, where executors did not file vouchers, admitted to have been received, for disbursements aggregating many thousand dollars, the decree settling their accounts should have been set aside on application of the heirs.

Appeal from surrogate's court, New York county.

Proceedings to settle the accounts of William Wicke and others, as executors of Joseph Seidenberg, deceased, in which a decree was entered settling such accounts. From an order denying a motion by Margaret E. Wolfe and others to open, vacate, and set aside the decree, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Rastus S. Ransom, for appellants.
F. R. Minrath, for respondent executors.
Francis L. Scovill, for respondent Seidenberg.

O'BRIEN, J. Upon this appeal we are asked to review the action of the surrogate in denying the appellants' application to open and vacate a decree entered herein on December 5, 1901, settling the accounts of the executors of Joseph Seidenberg, who died November 15, 1896. The petitioners, who include three of the children of the deceased and the issue of two of such children, and represent three-sevenths of the residuary estate, made the application by an order to show cause granted January 10, 1902, and averred that they had never received a copy of the decree, and only learned of its entry shortly before that time, and the reason assigned by them for not objecting at the return day of the citation in the accounting was that they were not present or represented because they relied upon statements made by one of the executors that it was not necessary for the protection of their rights that they should be present. The respondents, on the other hand, assert that the petitioners were well aware of the nature of the proceedings, and had been represented by counsel, and aver that their actual reason for making the application is that they opposed the granting

of commissions to the executors. The respondents urge that the power of the surrogate to open or vacate a decree is discretionary, and, in the absence of an abuse, the exercise of such power should not be interfered with. This, however, is not the rule applicable in a case such as this, as an examination of subdivision 6 of section 2481 of the Code of Civil Procedure will show. Therein, after providing that the surrogate has power "to open, vacate, modify or set aside * * * a decree or order of his court * * * for fraud, newly discovered evidence, clerical error or other sufficient cause," it is said: "Upon an appeal from a determination of the surrogate made upon an application pursuant to this subdivision, the general term of the supreme court has the same power as the surrogate; and his determination must be reviewed as if an original application was made to that term." These provisions have been recognized and applied in Re Hodgman's Estate, 82 Hun, 419, 31 N. Y. Supp. 263; and Re Tilden's Ex'rs, 98 N. Y. 434. The questions presented upon such a motion, therefore, come before this court in the same manner as they do before the surrogate, and are to be considered as if brought before the appellate division in the first instance.

A motion such as this, wherein important and valuable interests are involved, should, upon a proper and sufficient showing, and where the petitioners have acted promptly, ordinarily be granted; for, although the result may be extra labor for the executors and additional expense to the estate, these should be borne, rather than that any injuries or error should be made permanent by a decree of the court. In the present instance the petitioners cannot be charged with laches, for they took action promptly, and almost within a month from the date of the entry of the decree. It is unnecessary for us to determine whether the charges of fraud or clerical error are substantiated, nor do we do so, as these, in view of the conclusion at which we have arrived, can be settled on the accounting. There is one objection which we regard as fatal to the decree, and which requires that we should set it aside. This objection is that no vouchers whatever have been filed in this proceeding, or in the matter of the estate of the deceased. No denial is made of such averment, although in explanation it is said by the respondents:

"The vouchers in this case were very numerous, and it would be difficult to file them with the account without danger of losing the vouchers, and for that reason they were not filed with the account; but such vouchers have at all times been open to inspection to all persons interested in said estate, and are now in a large box in the office of * * * the attorney of the executors."

Although it be true, as stated, that thousands of vouchers exist, and they are very bulky, and there would be great danger of losing them, the requirement of the statute is peremptory that they should be filed; and the fact that the estate is a large one would seem to be an additional reason why the executors would desire and be expected to file them. The provision of section 2729 of the Code of Civil Procedure is that "on an accounting by an executor or administrator the accounting party must produce and file a voucher

for every payment," excepting only—First, any proper item not exceeding $20, if it is supported by his own uncontradicted oath, such items in the aggregate not to exceed $500; and, secondly, if he proves that he did not take a voucher when he made the payment, or that it has been lost or destroyed, in which case an allowance can be made if competent proof of the payment is presented to the satisfaction of the surrogate. Here neither exception applies, for the disbursements for which no vouchers were filed aggregate many thousands of dollars, and, furthermore, it is not denied that vouchers were received, and are now, all of them, retained in the possession of the executors. In view of these circumstances showing without contradiction that the statute has not been followed, it appears, as stated by the appellants, that "this account, without the production and filing of those vouchers, is incomplete, and is no account"; and it may well be said that the objection goes to the very jurisdiction of the court to make the decree now sought to be set aside, for the court is without power to make such a decree unless there is a compliance with the statute. However great the risk, therefore, of losing the vouchers, and apart from the opportunity afforded to inspect them at the office of the attorney of the executors, it is essential, upon the settling of the accounts, and before or at the time of the entry of the decree, that all the vouchers should be filed.

We think, therefore, that the decree should be vacated, and set aside, and the order appealed from is accordingly reversed, with costs, and the motion granted. All concur.