> Testator left legacies to the children of a deceased son and to a daughter, and the residue to another daughter, and declared that the legacies to his grandchildren and daughters were in payment of their distributive shares to which they might be entitled in the residue of a life estate given testator under the will of his late wife. Such will gave testator the net income of her entire estate for life, and at his death to her three children equally; the issue of a deceased child to take his parent's share. *Held*, that testator intended by the provision in his will that the legacies should be in payment of the distributive shares of the legatees in his wife's estate, to include only the unexpended accumulation of the net income from her estate which he might have at his death, and not the capital of her estate as contained in her will.

In the matter of the estate of J. Howland Pearce, deceased. Construction of will. Decree rendered.

C. Lansing Jones, for executor.

Henry F. Coupe, for contestant.

A. G. Senior, special guardian.

SEXTON, S. Sarah E. Pearce and J. Howland Pearce were husband and wife, living together, each owning a separate estate, which they respectively disposed of by will. Said wills were heretofore duly admitted to probate without objection. The will of Sarah E. Pearce was dated December 5, 1890, under which J. Howland Pearce received the net income of the entire estate for life, and at his death all went equally to three children, with a provision that issue of a deceased child should take the parent's share. The gross personal estate was $2,298.77, $2,052.87 of which was at interest. The will of J. Howland Pearce was dated August 24, 1905, and in its first provision gave to four children of a deceased son $125 each, and in its second provision gave to a daughter, Elizabeth I. Scrafford, $500, and all the rest to his daughter Roxanna B. Douglass. His gross personal estate amounted to $2,222.05, and his real estate concededly worth $2,000, making his total estate $4,222.05. Sarah E. Pearce died April 25, 1905, and J. Howland Pearce, executor of her estate, died August 28, 1905. Roxanna B. Douglass, one of the executors of J. Howland Pearce's estate, was appointed administratrix with the will annexed in the Sarah E. Pearce estate, and has filed her final account in each estate.

Before the distribution of the respective estates can be decreed, the third clause of the will of said J. Howland Pearce must be construed. It is claimed by the executors of his will, one of whom is the residuary legatee therein named, that the four grandchildren and the daughter named as legatees under the first and second clauses of said will cannot take thereunder without relinquishing their uncontested right to take under the will of Sarah E. Pearce, as residuary legatees, because of the language used and conditions imposed in the third clause of said J. Howland Pearce's will. The language involved is as follows:

"Third. The legacies contained in the foregoing clauses first and second are hereby expressly declared to be in payment of the distributive share which the legatees therein named may be entitled in and to the residue of a certain life estate given to me under the will of my late wife, Sarah Pearce," etc.

The above language, taken in connection with the entire will, indicates that the testator had in mind the accumulation of his life interest in his wife's estate, and intended to will the "residue" or the unused portion thereof to his daughter, Roxanna B. Douglass, under the residuary clause of his will. He had an estate of his own amounting to $4,222.05 and a life estate in his 'wife's property, $2,052.87 of which was at interest, and was living frugally, with his daughter Roxanna B. Douglas, in the homestead, consisting of a house, barn, and a few acres of land in the small village of Washington Mills, N. Y. Had he lived ten years—as he might have anticipated at the time of making his will—the accumulations of his life interest of his wife's estate at 6 per cent. would have amounted to $1,231.70, more by $231.-70 than the legacies in question aggregate. From the reading of the entire will it seems clear that he intended to favor his daughter Roxanna, and hence gave her all his estate except $1,000, amount of legacies in the first and second clauses, and all accumulations of his life estate under his wife's will. He also provided in substance that if said legatees should refuse to accept a legacy under the condition imposed, or should present any claim against his estate, or contest the will, the legacy so given should be null and void and become a part of the residuary estate. The testator intended that said legatees mentioned in the first and second clauses of his will should have $1,000 only of his entire estate, which included accumulations of his life estate as well as all of his own property, to accomplish which he imposed the above stringent conditions, none of which have been violated by said legatees.

The persons named as legatees in the first clause of said will are J. Howland, Douglass, Edna, and Willard Pearce, children of a deceased son of the testator, Marenus S. Pearce. The person named as legatee in the second provision of said will is Elizabeth I. Scrafford, a daughter of the testator. There are no facts before me indicating any dislike, on the part of the testator, for his said daughter or grandchildren. I am, therefore, loath to place a construction upon his will which would revoke, cut down, or modify these legacies, which are absolute upon their face, or disinherit an heir, or which would prevent the issue of a deceased child from participation in the distribution of the estate. Goodwin v. Coddington, 154 N. Y. 283, 48 N. E. 729. I do not think the language used in the third clause of said will is ambiguous or of doubtful meaning; but, if that were the fact, then it would be my duty to hold that, where an estate is given in one part of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt as to the meaning or application of a subsequent clause, nor by any subsequent words which are not as clear and decisive as the words giving the estate. Banzer v. Banzer, 156 N. Y. 429, 51 N. E. 291.

It is contended by the residuary legatee, Roxanna B. Douglass, that the legatees named in the first and second clauses of her father's will

cannot take under her father's will and also under the will of her mother, Sarah E. Pearce, because of the language used in the third clause of the will of her father, J. Howland Pearce, and that this court, to that end, has the right to and should reconstruct, if need be, the said third clause. The duty of the court is to interpret, not to construct; to construe a will, and not to make a new one. Tilden v. Green, 130 N. Y. 29, 51, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487. It is manifest that the testator had no intention of forcing an election upon the legatees named in the first and second clauses of his will, who are also named as residuary legatees in the will of his wife, Sarah E. Pearce. There seems to be no doubt but that the testator intended to give the legatees named in the first and second clauses of his will a portion of his estate in addition to what they were to receive from his wife's estate under the residuary clause of her will, and that he also desired to leave the bulk of his estate with the daughter with whom he was residing, namely, Roxanna B. Douglass; and, to make sure that the legatees named in the first and second clauses of his will should receive no more than the amounts therein specified, he required them, as a condition, to accept the legacies in full payment, to make no claim for any accumulations to the credit of his life estate in his wife's property, and to present no bills against his own estate, of any kind, and not to cut down his own estate to the detriment of his favored daughter by will contest. It is not urged that any of these conditions have been violated; hence the legatees named in the first and second provisions of J. Howland Pearce's will are each entitled to the legacies, as each of said clauses provides, upon each filing a proper release of all claim in and to said life estate in the estate of Sarah E. Pearce.

The legatees named in the will of Sarah E. Pearce take as therein provided. The account in the Sarah E. Pearce estate is modified as follows: "Schedule A." The administrator is charged with cash in savings bank in the amount of $617.28. "Schedule C." Dr. Boden's bill of $27.25 and Dr. Guillaume's bill of $60.50 are both disallowed and charged against the estate of J. Howland Pearce. The items of funeral expenses, $110.50; marking monument, $2; digging grave, $6—are allowed against the estate of Sarah E. Pearce. Matter of Very, 24 Misc. Rep. 139, 53 N. Y. Supp. 389.

It is claimed that the item of $150, being the statutory allowance to the surviving husband, is not a legal charge against the estate of Sarah E. Pearce. Such an allowance is provided for in the last sentence of section 2713 of the Code of Civil Procedure. By section 2724 the surrogate may, on a judicial settlement, award in money to the surviving husband, wife, or child, in a proper case, the value of such exemptions. The item of $150 is allowed to the estate of J. Howland Pearce, and is properly charged against the estate of Sarah E. Pearce. Matter of Warner, 53 App. Div. 565, 65 N. Y. Supp. 1022.

The item of $39.50, commissions claimed as part of the estate of the deceased executor, is disallowed on the ground that commissions are to be deducted as of the date of the settlement of the account and not as of the date of filing it. They have not yet been allowed by the court, and are not part of the estate of J. Howland Pearce. The deceased executor, if living, would not at this moment be entitled to

commissions in the Sarah E. Pearce estate. How, then, is his estate entitled to commissions at this time? Wheelwright v. Rhoades, 28 Hun, 57; Beard v. Beard, 67 Hun, 650, 22 N. Y. Supp. 1.

The expense of probate of the Sarah E. Pearce will and letters of administration with the will annexed in her estate, amounting to $29.30, are allowed against her estate.

No vouchers have been filed and no evidence given as to payments made in either the estate of J. Howland Pearce or Sarah E. Pearce, as required by section 2729 of the Code of Civil Procedure. This objection, being made by the special guardian, goes to the jurisdiction of the court to make the decree sought. Should the special guardian or any other interested person desire a further hearing upon the subject of payments actually made, such proof to be taken in lieu of vouchers in case they are lost or destroyed or were not obtained, such hearing may be had at some time to be agreed upon. Matter of Wicke, 74 App. Div. 221, 77 N. Y. Supp. 558.

The special guardian takes the position that he cannot fully protect the rights of the infants represented by him, because no inventory has been filed in the Sarah E. Pearce estate and he is unable to ascertain the true and correct amount and value of said estate. Permission will be given him to produce in court such witnesses as he may desire upon the subject of the amount and value of said estate at the time of the death of the testator, and the disposition thereof.

A decree may therefore be entered in each estate in accord with the foregoing conclusions, and after compliance with said section 2729 of the Code of Civil Procedure, and as to the balance of said accounts the same is confirmed.

Decreed accordingly.