## In re DIETZ.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

1. TRUSTS (§ 169*)—TESTAMENTARY TRUSTEES—APPOINTMENT OF SUCCESSOR.

　To justify the appointment of a trustee under Code Civ. Proc. § 2818, providing that, where one of two or more testamentary trustees dies, a successor shall not be appointed unless the court is of the opinion that the appointment of a successor would be for the benefit of the cestuis que trust, the court must be satisfied that the appointment would be for his benefit.

　[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 222–224; Dec. Dig. § 169.*]

2. TRUSTS (§ 169*)—DEATH OF TESTAMENTARY TRUSTEES—APPOINTMENT OF SUCCESSOR.

　Where the surviving testamentary trustee holding stock of a business corporation and other property in trust for the life of testator's wife and for distribution on her death between testator's children so managed the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

business of the corporation as to greatly increase the dividends, and there was nothing to show that any legal principle had been violated in the management of the trust, or that the trustee had not managed the same with ability and success, the court could not appoint a successor of the deceased trustee as against the objection of all the parties in interest except the wife and one of the children.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 222–224; Dec. Dig. § 169.*]

Scott and Laughlin, JJ., dissenting.

Appeal from Surrogate's Court, New York County.

In the matter of the application of Anna Dietz for the appointment of a trustee of the trust created by the will of Robert E. Dietz, deceased, in the place of William Henry White, deceased. From an order of the surrogate appointing the Farmers' Loan & Trust Company, a trustee of the trust, parties in interest appeal. Reversed, and application denied.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles E. Rushmore, for surviving trustee and beneficiaries, appellants.

George Thoms, for respondent.

INGRAHAM, J. Robert E. Dietz died September 19, 1897, leaving a last will and testament which was duly admitted to probate in the county of New York. The testator created a trust of certain shares of stock of a corporation which he controlled to continue during the life of his wife, the petitioner, to whom he directed the dividends and income thereof to be paid, and, upon her death, the same was to be sold and the proceeds distributed as part of his residuary estate. There was also bequeathed to his trustees the sum of $100,000 in trust, to pay the income thereof to his wife during her life, and upon her death to be divided between his children, share and share alike. He appointed his son, Frederick Dietz, his son-in-law William Henry White, and one Samuel McMillan, as executors and trustees under the will, to whom letters were duly issued October 15, 1897. These trustees remained in possession of this trust property down to July 3, 1904, when William Henry White, one of the trustees, died, and the surviving trustees continued to administer the trust until December, 1908, when this application was made. Since the death of the testator this corporation, called the R. E. Dietz Company, has been under the substantial control of Frederick Dietz, who for many years before the testator's death had been a director and officer of the company, and under his management the corporation has met with remarkable success. Frederick Dietz had been in the employ of the testator prior to the commencement of this business in 1868. The testator and his son Frederick commenced this business at that time, and continued it until 1886, when a corporation was organized to which the business was transferred. At the time of the organization of the corporation, there was allotted to Frederick Dietz 200 shares of stock, to his brother John Dietz 150 shares of stock, and the balance was retained by the testa-

tor. Prior to the death of the testator, the average net earnings of the business was about $14,000 a year, and since that time the business has so much increased that during the past four years dividends in the aggregate of 725 per cent. on the capital stock have been declared by way of extra dividends, and, in addition, a large surplus has accumulated. As the result of that increase the petitioner has received an income from this corporation of from 32 per cent. to 35 per cent. on the capital stock and which has aggregated about $653,400.

The petitioner is the widow of the testator. The testator had another son named Howard J. Dietz, who has never had any connection with the business, and who was not appointed a trustee. It is alleged that for many years prior to the death of the testator his son Howard was a constant source of trouble, anxiety, and expense to his father because of his dissipated habits, that he has been 10 times an inmate of institutions to enable him to reform, and that this condition has existed for over 20 years. The petitioner is 84 years of age and is now in receipt of an income of over $29,000 a year from this trust. Her son Howard is now living with her at her home in this city, and constantly complains of not being able to use the principal of the testator's property, although he receives an income of about $9,000 a year. And it is directly charged that this proceeding is instigated by Howard for the purpose of obtaining possession, if possible, of some of the property of this estate. In reply to these facts, the petitioner swears that the habits of her son Howard are not in any way in question in the proceedings, and that, whatever those habits were in years gone by, his conduct and course of action in the past two years have been such that in the petitioner's opinion he is as competent and qualified as any of her children to care for and control property. But there is no denial in any of the papers, so far as I can see, of the allegation in regard to the past habits of Howard, that he is living with the petitioner, or that this application is made for his benefit. Those interested in the estate, with the exception of the petitioner and Howard, object to the appointment of an additional trustee.

The authority to make this appointment is contained in section 2818 of the Code of Civil Procedure. That section provides that where one of two or more testamentary trustees dies or becomes a lunatic, or is by decree of the surrogate's court removed or allowed to resign, a successor shall not be appointed except where such appointment is necessary in order to comply with the express terms of the will, or unless the same court or the Supreme Court shall be of the opinion that the appointment of a successor would be for the benefit of the cestuis que trust. To justify the appointment in this case, therefore, the court must be satisfied that such an appointment would be for the benefit of the cestuis que trust. I think the facts stated conclusively show that the appointment of a trustee in place of the deceased trustee is not at all necessary for the protection of the trust property, for the proper administration of the trust, or for the protection of the cestuis que trust. On the contrary, considering the business that is carried on by this corporation, the success that has attended the management of the corporation by the managing trustee and those connected with him in its business, and the fact that no suggestion is made that any legal

principles have been violated in the management of the trust, or that, so far as the trust property is concerned, the present trustees have not managed the same with ability and success, it seems to me plain that the application is not made for the benefit of the trust estate or of the cestuis que trust but to accomplish some ulterior purpose; that not only does it not appear that the appointment of a successor would be for the benefit of the cestuis que trust, but it would be to their positive detriment.

For this reason, I think the surrogate should not have made the appointment, and that the order appealed from should be reversed, with $10 costs and disbursements, and the application denied, with $10 costs.

McLAUGHLIN and CLARKE, JJ., concur.

SCOTT, J. (dissenting). In my opinion the order appealed from should be affirmed. Section 2818 of the Code of Civil Procedure expressly leaves it within the discretion of the Surrogate's Court to determine whether or not the appointment of a successor to a deceased trustee would be for the benefit of the cestui que trust. That court has exercised this discretion, and appointed a substituted trustee. In my opinion we have no authority to overrule it, unless it can fairly be said that there has been an abuse of discretion or a violation of justice. This, as I understand it, is the rule heretofore established by this court and the Court of Appeals. It was directly so held in Matter of Adler, 60 Hun, 483, 15 N. Y. Supp. 228, wherein the court said:

"The appellant contends that the rules which govern on appeals from discretionary orders of the Special Term of our own court are equally applicable to appeals from similar orders of the Surrogate's Court. This, however, is not the case. It is true that on appeals from the Special to the General Term of our own court we are bound to review upon the merits all orders resting in discretion. Hanover Fire Insurance Co. v. Tomlinson, 58 N. Y. 216; Jemison v. Citizens' Savings Bank, 85 N. Y. 546. That discretion, however, is the discretion of the Supreme Court, whether exercised in one of its branches or in another. It is the same court and the same discretion throughout. But this rule is not applicable to appeals from another and a distinct tribunal such as the Surrogate's Court. There our appellate authority is confined to errors of law or to matters of substantial right, which are not dependent upon the discretion of such other court. Matter of Selleck, 111 N. Y. 289, 19 N. E. 66. Where, as here, the surrogate is expressly clothed with discretion, the utmost that can be claimed is that we may review his action so far as to ascertain whether 'there has been an abuse of discretion and a violation of justice.' See opinion, Gray, J., page 290 of 111 N. Y., and page 69 of 19 N. E. This cannot possibly be claimed in the present case."

In Matter of Selleck, 111 N. Y. 289, 19 N. E. 66, the Court of Appeals said on the same subject:

" * * * I think the Legislature should not be deemed to have intended that there should be no redress in cases of abuse of discretion of the Surrogate, and that view finds support in the words quoted. But where the appellate court undertakes to act in review of that discretion, and, to reverse its exercise by the other court, it should and it must appear in the order or judgment that the ground of reversal was the abuse of discretion of the surrogate; * * * and the General Term, except on the ground stated, is without power to interfere."

The same rule was reiterated in Matter of Hyde, 65 Hun, 619, 19 N. Y. Supp. 743, and Matter of Eisner, 6 App. Div. 565, 39 N. Y. Supp. 718.

It seems to me to be impossible to say that the surrogate abused his discretion in the present case. There is no doubt that the appellant Frederick Dietz has managed the business of the R. E. Dietz Company with great success, and his management is not called in question here. It is true, however, that for some reason his relations with his mother, the cestui que trust, have become unfriendly, and it is not denied that for some time the relations between himself and the sole surviving trustee have been such that the latter has been practically excluded from all participation in the administration of the trust. Under such circumstances, it cannot be said to have been an abuse of discretion to appoint a third trustee in place of the one who had died, and the selection made by the surrogate is such as to prevent any apprehension of unreasonable interference with the business of the Dietz Company.

The order should be affirmed, with costs.

LAUGHLIN, J., concurs.