## In re LEAVITT.

(Supreme Court, Appellate Division, First Department. December 3, 1909.)

TRUSTS (§ 160*)—APPOINTMENT OF ADDITIONAL TRUSTEE.

Code Civ. Proc. § 2818, providing that where one of two or more testamentary trustees dies, or becomes incapacitated, or is removed or resigns, a successor shall not be appointed, except when necessary to comply with the terms of the will, or unless the court shall be of the opinion that the appointment of a successor would be for the benefit of a cestui que trust. The beneficiary of a testamentary trust, which was being administered by two trustees appointed by the Supreme Court, applied to the Surrogate's Court to appoint an additional trustee to represent her interest. Held that, the trust being satisfactorily administered by the trustees,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

119 N.Y.S.—49

such appointment should not be made, as it would either necessitate separate accountings, or the taking of an account by the Supreme Court of a trustee that it did not appoint; and the fact that one of the trustees, by reason of his connection with a law firm, had profited by charges made against third persons dealing with the estate, if improper conduct, would not be ground for the appointment of another trustee, but for the removal of the offending trustee.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 160.*]

Appeal from Surrogate's Court, New York County.

Mary E. Leavitt petitioned for the appointment of an additional trustee of the estate of George Bell. The petition was granted by the Surrogate's Court, and an appeal taken by the other trustees and others interested in the estate. Reversed, and petition dismissed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Henry Bacon, for appellants Young and Dunning.
Rosslyn M. Cox, for appellant Barker.
George P. Breckenridge, for appellant Barker-Ransom.
Arthur C. Rounds, for respondent Leavitt.
William P. Maloney, for respondent Stringer.

McLAUGHLIN, J. George Bell died in 1881, leaving a will by which he gave his residuary estate to his executors, in trust to pay the income therefrom in equal shares to his two nephews, George A. Barker and Charles B. Barker, and his niece, Mary E. Leavitt, the petitioner herein, during the life of his daughter, Catherine B. Bell, who was then and still is an incompetent. Upon the death of the latter without issue (she is now 70 years of age, unmarried, and confined in an asylum), the two nephews were each to receive one-third of the principal, and the remaining third was to be continued in trust for the benefit of their sister, Mary E. Leavitt, and upon her death to be divided among her issue, and in default of issue to go to her then living brother or brothers and the issue of such as should be deceased.

Four trustees were named in the will, but by reason of the death of one and the defalcation of another, which resulted in his removal, there were in 1905 but two trustees acting—George A. Barker, the testator's nephew, and brother of the petitioner, and Jacob Berry. In that year, in an action in the Supreme Court of this state, Berry was allowed to resign, and the appellants Dunning and Young were appointed "substituted trustees" to serve with Barker in Berry's place. In January, 1907, Barker died, and Dunning and Young, as trustees, thereafter commenced an action in the Supreme Court for a judicial construction of the will and a settlement of their accounts to that time. Judgment in that action was rendered in March, 1909, and their accounts were approved and settled to the 31st day of August, 1908. The petitioner appealed only from that part of the judgment which approved of the trustees' acts in making certain investments and reinvestments, and discharging them from any further accounting or liability in regard to the same, except to account for the principal thus invested and the income arising therefrom subsequent to the 31st day

of August, 1908. Before the judgment was entered from which the appeal was taken, she instituted this proceeding in the Surrogate's Court to have an additional trustee appointed in place of Barker, deceased. The grounds upon which she based her application for the appointment of an additional trustee, as set forth in her petition, were that three trustees were preferable to two, and that, as she would be the only beneficiary of any trust after the death of Catherine Bell, she desired to have a trustee who would represent her interest. She requested the appointment of one Beattys, who had been counsel for her in the action for the accounting in the Supreme Court. A decree was entered in the Surrogate's Court appointing Beattys, from which this appeal is taken.

The appellants contend that the Surrogate's Court had no jurisdiction to make the decree appealed from, since the Supreme Court had assumed jurisdiction over the trust estate. In answer to this contention the respondents urge that after the judgment in 1905 in the action in the Supreme Court, by which the two trustees were appointed in place of Berry, the Supreme Court and the Surrogate's Court had concurrent jurisdiction. The conclusion at which I have arrived renders it unnecessary to determine which contention is correct. The authority to make the appointment at all is contained in section 2818 of the Code of Civil Procedure. That section provides that where one of two or more testamentary trustees dies or becomes incapacitated, or is by decree of the Surrogate's Court removed or allowed to resign, a successor shall not be appointed, except where such appointment is necessary in order to comply with the express terms of the will, or unless the same court or the Supreme Court shall be of the opinion that the appointment of a successor would be for the benefit of the cestui que trust. To justify the appointment in this case, therefore, the court must be satisfied that such an appointment would be for the benefit of the cestui que trust, and there is not a single fact set out in this record, so far as I have been able to discover, which establishes, either directly or inferentially, that the appointment of Beattys is at all necessary for the protection of the trust property, for the proper administration of the trust, or for the protection of the cestui que trust. Not only this, but the appointment of Beattys would necessarily lead to increased expense by way of commissions, and might lead to confusion in the administration of the estate and the settlement of the trustees' accounts.

The trustees appointed by the Supreme Court are accountable to it, and to it alone; and it does not follow, as urged by the respondents, that because a trustee appointed by a decree of the Surrogate's Court may, under certain conditions, be required to account in the Supreme Court, the converse is true, and the Surrogate's Court, which has only statutory jurisdiction (Matter of Bolton, 159 N. Y. 129, 53 N. E. 756), can compel a trustee appointed by the Supreme Court to account. The only authority cited in support of this proposition, or which I have been able to find, is Matter of Pitcher, 4 Month. Law Bul. 32. On the other hand, it was held, in Matter of Hazzard, 51 Hun, 201, 4 N. Y. Supp. 701, that under the Code of Civil Procedure the Surrogate's Court had no jurisdiction to compel the administrator of a deceased

trustee appointed by the Supreme Court to account. In the latter case it was said:

"The Supreme Court certainly has the power to direct and control the conduct of trustees appointed by it, and if the Surrogate's Court has acquired the jurisdiction now claimed for it, we have two separate and distinct tribunals who are authorized to direct and control the conduct in the administration of his trust of the same trustee, a condition of affairs which could never have been intended by this Code. Such a construction would lead to endless confusion, and trustees could never know upon which authority to rely."

If this decree be affirmed, then we have this situation—the administration of the trust estate will be in the hands of three trustees, two of whom are accountable to the Supreme Court, and the other, primarily, in the Surrogate's Court, which would necessitate separate accountings in the two courts; for the Supreme Court will not ordinarily take an account of an administrator or trustee appointed by the Surrogate's Court. Borrowe v. Corbin, 31 App. Div. 172, 52 N. Y. Supp. 741, affirmed on opinion below 165 N. Y. 634, 59 N. E. 1119; Bushe v. Wright, 118 App. Div. 320, 103 N. Y. Supp. 410; Matter of Smith, 120 App. Div. 199, 105 N. Y. Supp. 223. If it be claimed that under such circumstances the Supreme Court should take and state the account of all three trustees, then the duty will be foisted upon it of taking the account of a trustee whose appointment it did not make, when the administration of the trust estate was already in the hands of trustees whom it did appoint. If the Surrogate's Court, therefore, had the power under the circumstances to appoint an additional trustee, it ought not to have exercised it, but, on the contrary, remitted the petitioner to the Supreme Court.

Nor is there any force in the contention of the petitioner that she is entitled to have a trustee to represent her particular interest. She is no more entitled to select a trustee than are the other persons interested in the estate. The two trustees appointed by the Supreme Court, so far as appears, are properly administering the estate, and in so doing are looking after and caring for the petitioner's interest. The fact is not disputed that, since they have assumed the management of the estate, both the principal and income have been increased, and on the settlement of their accounts it was found that they had "fully and faithfully discharged their duties as such trustees." The fact that one of the trustees, through the law firm of which he is a member, has profited to some extent by charges made against third persons dealing with the estate, does not militate against or destroy this finding. Nor do I consider it at all material on the question presented by the appeal. If the acts of the trustee referred to be subject to the criticism made, that would be a proper matter for consideration, if an application were made to remove him on that ground; but it furnishes no reason whatever why there should be an additional trustee, and especially so since it is not claimed that by reason of the charges referred to the trust estate has been in any way injured, or that the interest of any person interested therein has suffered thereby.

The decree appealed from, therefore, should be reversed, with $10 costs and disbursements to each appellant who appeared and filed separate brief, and the petition dismissed. All concur.