Matter of the Application for the Appointment of a Successor of One of the Deceased Testamentary Trustees of the Estate of AUGUSTUS ZEREGA, Deceased.

(Surrogate's Court, New York County, May, 1913.)

Trustees — testamentary — appointment of a successor testamentary trustee — Code Civ. Pro., § 2818 — wills.

> Where all but one of four trustees die to whom, and the survivors of them, testator devised his estate in trust, an application for the appointment of a successor testamentary trustee, under section 2818 of the Code of Civil Procedure, must show that it is for the benefit of the *cestuis que trustent* so to do.

> Where the answers to the petition completely negative, or explain, all the material facts tending to show a benefit to the *cestuis que trustent* by the appointment of a successor trustee, the benefit to the trust is doubtful, and the application being contrary to the express terms of the will must be regarded with disfavor and denied.

APPLICATION for the appointment of a successor trustee under section 2818, Code of Civil Procedure.

The petitioners herein are Richard A. Zerega, trustee of the trusts of John A. Zerega, Bertha V. Zerega and J. Frederick Zerega; Louis A. Zerega di Zerega, trustee of the trusts of Louis A. Zerega, J. Frederick Zerega and Bertha V. Zerega; Catherine Berry Zerega, trustee of the trust cf John A. Zerega; Francis A. Zerega, Elizabeth Herring Zerega di Zerega; John Frederick Zerega, trustee of the trusts of John Frederick Zerega and Bertha V. Zerega; Alfred L. B. di Zerega, W. Irvine di Zerega, Elizabeth Conklin Pelham-Clinton; Randolph Hurry, trustee of the trusts of John A. Zerega and John Townsend C. Zerega.

8

Surrogate's Court, New York County, May, 1913.     [Vol. 81.

J. Noble Hayes, for petitioner.

Dawson Coleman Glover, special guardian.

Ambrose S. Murray, Jr. (Theodore F. Humphrey of counsel), for some respondents.

Murray, Ingersoll, Hoge & Humphrey, for respondent John H. McFadden, as sole acting executor, etc., of Frederic Christian Zerega.

FOWLER, S.    The petition alleges that Mr. Augustus Zerega, the testator, died on the 23d of December, 1888, possessed of an estate of about $2,000,000, real and personal, and that his will was admitted to probate on the 11th of February, 1889.    By the terms of such will the testator nominated and appointed as his executors and executrices and testamentary trustees his wife, Eliza Morch Zerega, and his sons John A. Zerega and George Theodore Zerega, and his daughter Louisa A. Barnard, all of whom qualified.    The testator devised and bequeathed to his said executors and executrices all his real and personal property " to them and to their survivors and successors, with full and absolute power to sell and dispose of the same or any part thereof at public or private sale at such time or times, in such manner and upon such terms as to them or a majority of them shall seem meet, it being, however, expressly provided that during the active exercise of her powers as executrix or trustee the wish of my said wife is to control all others, in trust, to invest and reinvest the said personal estate and any proceeds of said real estate, sold or to be sold, in good securities, to collect and receive the rents, profits, dividends, interest and income arising and to apply and dispose of the same as follows:

" *First.* To pay over and deliver all the rents, inter-
est, dividends, profits and income which may be col-
lected and received by my executors or any of them to
my said wife, Eliza Morch Zerega, whenever the same
shall be collected or received during her natural life,
whether she remains single or remarries." The will
further provided for the division, on the death of the
widow, of the whole of the said estate, including the
proceeds of the real estate when sold into eleven equal
portions, and for the payment of each of said portions
under the terms and conditions therein specified to
the testator's sons, John A. Zerega, Louis H. Zerega,
Francis A. Zerega, George Theodore Zerega, Frederic
C. Zerega, Albert L. B. Zerega, Albert Zerega Von
Bretton, an adopted son, the testator's grandson
John Theodore C. Zerega, and to his daughters Louisa
A. Barnard, Azelia C. Huntington and Augusta Flor-
ence Zerega.

The petition alleges that the real estate remaining
undisposed of and subject to sale under the will con-
sists of about 114 acres of land, with a residence and
dwelling thereon, known as " Island Hall," situated
on Throggs Neck, in the East River, in Westchester
county, N. Y., of the value of between $600,000 and
$700,000; of the house at No. 26 East Thirty-fifth
street, New York city, of the value of about $80,000,
or thereabouts, and an estate in Virginia, comprising
about 573 acres.

It is alleged also that George Theodore C. Zerega,
one of the executors and trustees, died in November,
1907, and Eliza Morch Zerega, the life beneficiary and
also an executrix and trustee, died on the 26th of
March, 1909, being then in her 100th year. In 1909,
Louisa A. Barnard, as trustee, commenced an action
in the Supreme Court for a construction of the said
will and testament and a settlement of her accounts

as trustee. John A. Zerega, Sr., trustee, appeared in the action and interposed an answer setting forth among other things that Louisa A. Barnard, trustee, had occupied a portion of the trust estate, to wit, the dwelling house at No. 26 East Thirty-fifth street, as her private residence, and that of her immediate family exclusively for many years without payment of rent, and that she was indebted to the said estate for the rent of the said premises during the said period, and for other reasons stated he asked that he be permitted to file a separate account. Each trustee thereafter filed a separate account.

The petition further alleges that the said John A. Zerega defended the said action, and prosecuted the said claim of rent against the said Louisa A. Barnard therein on behalf of the said estate and the persons interested therein under the said will, who were also made parties defendant to the said suit, until he was subsequently joined in the assertion of the said claim by a majority of the remainder interests appearing in the said action, and that such proceedings were had in the said action that final judgment was entered therein on August 17, 1911, which, among other things, adjudged that the trustee, Louisa A. Barnard, plaintiff in said action, was liable for the rental value of house No. 26 East Thirty-fifth street, from November 23, 1896, to March 26, 1909, amounting to the sum of $25,812.50, in addition to $156.50 water rents paid by the said estate, amounting in all to the sum of $25,969, and surcharging the account of Louisa A. Barnard, trustee, with the said sum of $25,969 and making such surcharge a lien upon her interest in the said trust estate and offsetting the same against her interest in the said trust estate.

The petition further alleges that by a decree entered on August 17, 1911, all of the accounts and supple-

mental accounts made by the trustees were brought down to January 3, 1911, and that the approximate amount of personal property remaining undistributed is $50,000. Louisa A. Barnard has not paid the amount of the claim awarded against her for rent, but the same has been withheld from her distributive share of the estate pending an appeal which she has taken to the Appellate Division from the said judgment surcharging her account with such sum. This amount was awarded for rent down to the time of the death of Eliza Morch Zerega on March 26, 1909, and no further. But it is alleged also that Louisa A. Barnard continued to occupy the said premises down to July 1, 1911, without the payment of rent, and that she is still liable to the estate for such rent.

It is also alleged that John A. Zerega died on April 26, 1912, leaving the estate with but one surviving trustee, Louisa A. Barnard, who is now seventy-two years of age, and it is claimed by petitioner that th interests of the sole surviving trustee are adverse to the interests of the estate, as she is seeking to have the judgment surcharging her account with the rent, as aforesaid, reversed.

The petition further alleges, upon information and belief, the names of the persons who now have an interest in the said estate of Augustus Zerega, deceased, or claim to have or may have some interest therein, and the nature of such interests and the amount of their proportionate shares, and their relationship, so far as the same are known.

Upon information and belief the petition also alleges that the said Frederic C. Zerega, who at the time of his death was seized and possessed of and entitled to a one-eleventh part or share of the real and personal property in the said estate of Augustus Zerega, deceased, died on October 27, 1911, at London, Eng.,

leaving an alleged last will and testament and codicils thereto which were admitted to probate at London, Eng., on March 4, 1912, by the Probate Division of His Majesty's High Court of Justice, and which said will and codicils have been or are about to be offered for probate in the county and state of New York, and the number and names of the persons interested in his said estate as heirs at law and next of kin and as executor, executrix, legatee and devisee.

The petitioners ask for the appointment of John Theodore C. Zerega as a trustee in place of the said John A. Zerega, deceased, and allege that the interests of the entire trust estate require such appointment, and that if such appointment is not made the interests of said estate and of all persons interested in it who are opposing the appeal of the said Louisa A. Barnard and her personal claim against the estate will be imperilled. It is stated that John Theodore C. Zerega is a grandson of the decedent and a gentleman of independent fortune. His city address is No. 37 West Forty-fourth street, and he resides in Newport, R. I., and it is alleged that he has a complete knowledge of the affairs of the estate, and is qualified and competent to act as trustee and will consent to waive any commissions for taking over the estate and administering the same.

The special guardian, Mr. Glover, unites in asking that the prayer of the petition be granted.

The answer of the respondent Louisa A. Barnard admits many of the allegations of the petition, but alleges that the residence and dwelling known as " Island Hall " is situated in the borough of the Bronx, city of New York, and does not exceed in value the sum of $556,000, and that the premises No. 26 East Thirty-fifth street does not exceed in value the sum of $60,000, and that the estate in Virginia com-

prises about 573 acres, and was sold pursuant to judgment in partition, duly rendered by a competent court of said state of Virginia having jurisdiction, about a year prior to the date of verification of the petition herein and that the proceeds derived from said sale were distributed to the several remaindermen. Respondent further denies that after the death of Eliza M. Zerega she was or could be liable to the estate for any rent for the premises No. 26 East Thirty-fifth street, and alleges that if she was liable for any said rent such liability would be to her cotenants in the fee to said property, and further alleges that such liability is already the subject of and at issue in a certain partition action now pending in the Supreme Court. She further alleges in regard to her appeal from the judgment in regard to the rent of the premises at No. 26 East Thirty-fifth street, that the same is wholly within her rights, is not inconsistent with her .duties as trustee and that all expenses of said appeal and review have been paid out of her own funds. Respondent denies that there remains in her hands as trustee for the estate the sum of $50,000 for distribution. She denies that the interests of the estate require the appointment of a new trustee, and avers upon information and belief that John Theodore C. Zerega is not qualified to act as such trustee.

Respondent further alleges that by the judgment or decree on said accounting action, entered August 17, 1911, the fee to the real estate, none of which had up to that time been sold, was held to have passed to the remaindermen, or their assigns, at the death of Eliza M. Zerega, and no longer formed a part of the estate of Augustus Zerega, deceased, the provisions of said judgment in respect to the same reading as follows: " V. That upon the death of Eliza M. Zerega, March 26, 1909, the following named parties became seized

and possessed in fee simple absolute of the following respective undivided parts or shares of and in all and singular the real property of which the said testator, Augustus Zerega, died seized and possessed, subject only to the execution of the power of sale given to the trustees in and by the said will of Augustus Zerega.''

The respondent further alleges that by reason of a partition action commenced for the sale of all the real estate situated in the county of New York she cannot make such sale, although it was determined by said judgment of August 17th, that she had the power of sale over said premises.

The respondent alleges also that the entire personal estate now in her hands as trustee, including the $25,969 rent due from her, amounts to $43,557.78, and that there is no necessity for the appointment of a new trustee for distribution of the same. She further alleges that all the petitioners herein are parties to the appeal proceedings heretofore referred to and can defend the same, and that the addition of a new party in the person of a substituted trustee cannot in effect assist them in anywise or lessen their expenses in this proceeding. The respondent asks that if it shall seem necessary to the court that a new trustee be appointed that the court appoint the Farmers' Loan and Trust Company of New York. That she is informed by the said Farmers' Loan and Trust Company that in the event it should be appointed such substituted trustee it would stipulate and consent and waive the commissions for receiving and taking over said trust upon its appointment and that such appointment would also save the expenses of a trustee's bond.

In a replying affidavit by Louisa A. Zerega di Zerega, one of the petitioners, it is alleged that it is not true that the proceeds of the property belonging to the

estate in Virginia have been entirely distributed; that the litigation is still pending regarding the distribution of the same. She further alleges that she is informed and believes that Ambrose Spencer Murray, Jr., the attorney for Louisa A. Barnard, the respondent in the present proceeding, is a tenant of, an individual stockholder in, and for many years has been an inspector of elections of the Farmers' Loan and Trust Company, and that the petitioners verily believe that the appointment of the Farmers' Loan and Trust Company would not give them the protection which they are seeking in this proceeding, and in fact that the appointment of a trustee other than one of the members of the family who are petitioners herein would not accomplish the object of the said petition.

Similar answers opposing the application for the appointment of John Theodore C. Zerega and asking for the appointment, if any is made at all, of the Farmers' Loan and Trust Company are also filed by Augusta Florence Zerega, Horace Barnard, John Augustus Barnard and Louis H. Barnard and by John H. McFadden, as sole acting executor under the will of Frederic Christian Zerega.

In the foregoing statement I have set out, with some care, the substance of the more important allegations contained in the petition and the several answers in this matter. The petition for the appointment of a successor trustee purports to be made under section 2818, Code of Civil Procedure. The testator by his will nominated and appointed his wife and three of his children as his executors and trustees, and he devised and bequeathed to them *and to their survivors and successors,* a comprehensive power of sale, and all his estate to be taken and held on certain trusts, limited in the will. It is manifest that testator's college of trustees was selected by him with care out of

all his descendants, and this preference is to be taken here as the deliberate expression of testator's intention. His estate and a power thereover were expressly limited to such persons and to the survivors of them. I must assume that the testator intended that his estate on the death of one or more trustees should pass to the survivors, as it was so limited. In so far as it was necessary these persons and the survivors of them were given the legal estate by the testator. When any one takes and holds the legal estate, even though he be a trustee, he has all the rights to trial by jury and to the legal remedies which attach by the common law to the legal estate. The legal estate has always been a subject of great concern in those courts which proceed according to the course of the common law. It carries with it superior rights and remedies fully protected by the Constitution. The expressed intention of the testator, concerning the devolution of the legal estate, is not, I think, to be treated as a matter of small importance. To interfere inconsiderately with the legal title I consider a high and dangerous usurpation, and to be justified only by the clearest proofs, imperatively necessitating such equitable interference. Section 2818, Code of Civil Procedure, states in substance that where one of two or more trustees dies, or resigns, or is removed, a successor trustee shall not be appointed, except where such appointment is necessary, in order to comply with the terms of a will. Trustees hold in joint tenancy and on the death of one survivorship accrues. This the testator knew, and must be presumed here to have intended. The fact that the limitation in the will also names "successors" must be presumed to provide for a situation where there are no survivors of the original trustees.

But it is insisted by the moving parties that section

2818, Code of Civil Procedure, also provides in substance that where the court shall be of the opinion that the appointment of a successor (trustee) would be for the benefit of the *cestui que trust* the surrogate may appoint.   The Code, as amended in 1884, does now so provide.   What this amendment may really intend can be determined only by reference to principles of the general law.   That it does not mean that the court can disturb the legal title, at its own will, I am certain. Several of the cases cited to me by counsel for the moving parties I do not find in the volumes cited; others are not remotely in point, while others, notably Matter of Dietz, 132 App. Div. 641, and Matter of Leavitt, 135 id. 7, are not, I think, favorable to this application.   What, then, should I do in this matter under the circumstances herein disclosed?   It seems to me that it is only when the sole surviving trustee is in some way incapacitated that section 2818, Code of Civil Procedure, calls for the appointment of a successor trustee and the interference with the devolution of the legal estate, prescribed by the testator himself.   If I should add one new trustee, as petitioned in this matter, there would then be no majority in the college of trustees, and the action of one may neutralize the responsibility and action of the other, chosen by the testator himself.   This is a consideration not adverted to on the argument.   But it is entitled to some little thought.

The principle on which courts of equity usually proceed in the appointment of new testamentary trustees is ancillary to its principal duty to see that the trusts are properly executed.   In a direct proceeding to remove a trustee a totally different set of principles would apply, and the first consideration would be the proper execution of the trusts.   Courts of equity will not hesitate to remove a trustee in a proper case.

Surrogate's Court, New York County, May, 1913. [Vol. 81.

When the trusts are in course of execution, or not shown to be endangered, the court should not disturb the scheme of a testator. The Code specifies the instances in which testamentary trustees may be removed by the surrogate (Code Civ. Pro., § 2817), but the conduct of Mrs. Barnard, the sole surviving trustee, is not brought within the requirements of that section, nor is this petition addressed to that section, and yet her conduct and situation are made the grounds of an application to join with her an additional trustee. As I read section 2818, Code of Civil Procedure, a successor trustee may be appointed only when it is for the benefit of the *cestui que trust*. It is not clear to me that it would be for the real benefit of the *cestuis que trustent* to appoint a successor trustee in this instance. The answers completely negative or explain all the material facts tending to show a benefit to the *cestuis que trustent* by the appointment of a successor trustee, and on this application the answers must be taken as true. I doubt in any event that section 2818, Code of Civil Procedure, was intended to embrace a case such as that here presented.

The trusts remaining unexecuted may be I think well and sufficiently executed by the surviving trustee. On the death of the life tenant the remainders vested, and the execution of the power of sale, vested in the trustee, will probably require the assent of the remaindermen in some way. The trustee has already accounted to the satisfaction of the Supreme Court of this state and nothing is shown by petitioners which makes it apparent that she will not well and truly account for the residue of the trust estate. Apprehension is not enough to warrant an interference by the surrogate.

The controversy over the occupancy of the house taken by testator's wife as tenant for life is one be-

tween the trustee, in her individual capacity, or as one of the beneficiaries taking under the will of her father, and the other surviving members of the testator's family. The liability of Mrs. Barnard for such occupation, no doubt, arose under an honest mistake as alleged in the answer, and the judgment against her therefor seems fully protected, so as not to endanger the trust estate. It was such a controversy as often arises between members of the same family in the settlement of an estate and the proceeding which ended in a judgment against her is no doubt in course of orderly and fair solution. The fact that the judgment on one debatable point was against the trustee discloses that the appeal will not be concluded prejudicially to the trust estate, as those who were active in pressing the claim against Mrs. Barnard are shown to have a standing on the appeal. The presumption is for the judgment. The other matters alleged by petitioners against the sole surviving testamentary trustee do not seem to require special mention.

It appears to me that the remedy of the petitioners, if they have other or any sufficient grounds for a new trustee, would be one made to a court of competent jurisdiction to remove the sole surviving trustee and for the appointment of a new trustee who should be indifferent to all the *cestuis que trustent*. In such a proceeding a proper inquiry could be made by the court as to the truth of the allegations and answers.

I have not examined the point of merger as affecting the sole surviving trustee's trusts for her own benefit, as it was not mentioned in the papers or by counsel, nor was it made the ground of argument. I am satisfied on the showing made before me that I am bound to deny the prayer of the petition and it will be so decreed. Settle order accordingly.

Decreed accordingly.